742 So.2d 370 (1999)
Wayne Alan MASON, Appellant,
v.
STATE of Florida, Appellee.
No. 99-1002.
District Court of Appeal of Florida, First District.
August 20, 1999.
*371 Appellant pro se.
Robert A. Butterworth, Attorney General; Trisha E. Meggs, Assistant Attorney General, Tallahassee, for Appellee.
WEBSTER, J.
Appellant seeks review of a trial court order denying his motion, filed pursuant to Florida Rule of Criminal Procedure 3.850, requesting postconviction relief. Although his motion presented a number of claims, only one merits discussion. Because we conclude that appellant stated a facially sufficient claim that misadvice from counsel caused him involuntarily to enter a no-contest plea, which he should be permitted to withdraw, and that the portions of the record attached to the trial court's order do not conclusively refute that claim, we reverse.
Appellant alleged that he pled no contest to a charge of possession of cocaine, and to a violation of probation in a case involving grand theft auto. He claimed that, at the plea hearing, he was told by both his attorney and the prosecutor that he was facing maximum possible sentences totaling ten years. After having entered his pleas, and having been sentenced, he learned that the violation of probation case had actually involved only trespass to a conveyance, rather than grand theft auto; and that the maximum probationary term for the trespass had expired before any effort was made by the state to commence proceedings on the violation. Therefore, when he entered his plea to possession of cocaine, he was actually facing a maximum possible sentence of only five years. According to him, had he known these facts, he would have proceeded to trial on the possession of cocaine charge, rather than plead no contest.
The trial court acknowledged that the violation of probation case had actually involved a charge of trespass to a conveyance, rather than grand theft auto; that the probationary term had expired before the state commenced proceedings on the violation; and that, as a result, it had previously vacated the judgment and sentence entered following a finding that appellant had violated his probation in that case. Nevertheless, the trial court denied relief on appellant's request to withdraw his plea to the possession of cocaine charge because appellant "d[id] not allege that he had a defense to possession of cocaine." This was error.
The essence of appellant's claim is that his trial counsel was ineffective in advising him that he was facing maximum possible sentences totaling ten years when, in fact, the maximum possible sentence was only five years. The two-part test established by Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), applies to requests to withdraw pleas based upon allegations of ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). However, in such cases, the "prejudice prong" of the Strickland test is satisfied by an allegation "that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." Id. at 59, 106 S.Ct. 366 (footnote omitted). It is not necessary to allege, in addition, that a defense existed to the charge. This court has consistently adhered to such a test. E.g., Regan v. State, 730 So.2d 828 (Fla. 1st DCA 1999); Richardson v. State, 677 So.2d 43 (Fla. 1st DCA 1996); McCoy v. State, 598 So.2d 169 (Fla. 1st DCA 1992). Appellant alleged that, but for the erroneous information received from his attorney, he would have proceeded to trial on the possession of cocaine charge, rather than plead no contest. We hold that this allegation was sufficient to satisfy the "prejudice prong" of the Strickland test and that, as a result, appellant's claim was facially sufficient. We note apparent conflict with Diaz v. *372 State, 534 So.2d 817 (Fla. 3d DCA 1988), and Siegel v. State, 586 So.2d 1341 (Fla. 5th DCA 1991), which appear to hold that, to state a facially sufficient claim in a case such as this, the defendant must allege that "he ... had a `viable' defense" in addition to an allegation that, but for the ineffective assistance of counsel, he would have gone to trial instead of entering a guilty or no-contest plea.
Because the portions of the record attached to the trial court's order do not conclusively establish that appellant is entitled to no relief on this claim, we reverse and remand as to this claim only. On remand, should the trial court again conclude that appellant is entitled to no relief on this claim, it shall attach to its order denying relief those portions of the record that support its conclusion. Otherwise, it shall hold a hearing. As to all of appellant's other claims, we affirm.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
VAN NORTWICK, J., CONCURS; KAHN, J., CONCURS WITH WRITTEN OPINION.
KAHN, J., concurring.
This case has an unusual procedural history. Specifically, appellant entered a plea purporting to admit to a violation of probation on a nonexistent charge. Because appellant's lawyer at the time apparently thought appellant was facing potential sentencing on this nonexistent charge, the lawyer gave appellant clearly erroneous advice concerning the maximum sentence available. Appellant alleges that had he known he was facing only one charge, possession of cocaine, rather than two charges, he would have proceeded to trial on the cocaine charge. I agree with the majority that on the facts of this case, the prejudice prong required for a showing of ineffective assistance of counsel has been met. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); see also Buford v. Wainwright, 428 So.2d 1389, 1391 (Fla.1983) (holding that to demonstrate a claim of ineffective assistance of counsel, petition must establish "that the alleged error was prejudicial in fact.")
I write separately because I believe that the holdings of the two cases with which the present majority notes conflict are worthy of serious consideration by our Supreme Court. Both Diaz v. State, 534 So.2d 817 (Fla. 3d DCA 1988) and Siegel v. State, 586 So.2d 1341 (Fla. 5th DCA 1991) rely upon this court's opinion in Frazier v. State, 447 So.2d 959 (Fla. 1st DCA 1984) for the proposition that a defendant seeking to set aside a no contest or guilty plea must show the existence of a viable defense. The trial and appellate courts of this state are literally barraged with postconviction motions after guilty or no contest pleas. Most of these cases do not involve the unusual facts of the present claim. I see no reason why a post-conviction petitioner, should not normally have to allege, as support for the claim of prejudice in fact, that the petitioner either had a procedural defense to the charge or a factual defense that would have been viable had the case proceeded to trial, instead of concluding with a plea.
I also would use this opportunity to remind the prosecutors of this state that they must collectively accept responsibility for insuring that pleas, whether negotiated or not, are made in conformance to all standards of voluntariness and legality. In the present case, for instance, a prosecutor stood by while the defendant pled guilty to violation of probation on a felony charge that did not even exist. This has resulted in expensive and inefficient proceedings. Such an observation can also be made about many other post-conviction motions. Assuming that prosecutors as a group would prefer the viable defense standard of Diaz and Siegel to the somewhat broader prejudice standard adhered to by this court, they would be well advised to make certain that defendants are *373 afforded all procedural niceties at the time of a plea, rather than at the much more inconvenient future date of a post-conviction motion.