ALLEN, C.J.
The appellant in this direct criminal appeal challenges her conviction pursuant to section 316.193(3)(c)2, Florida Statutes. Because we conclude that this statutory provision does not authorize a conviction of DUI causing serious bodily injury where only the defendant driver has been injured, we reverse the appellant’s conviction and remand this case for entry of judgment and imposition of sentence for the lesser included offense of driving under the influence.
Section 316.193(3)(c)2, which has remained materially unchanged since 1987, makes it a third degree felony to operate a vehicle while under the influence and cause, as the result of such operation, “[sjerious bodily injury to another, as defined in s. 316.1933.” (Emphasis added). Section 316.1933(1), in turn, provides that
if a law enforcement officer has probable cause to believe that a motor vehicle driven by ... a person under the influence of alcoholic beverages ... has caused the death or serious bodily injury of a human being, that person shall submit, upon the request of a law enforcement officer, to a test of the person’s blood for the purposes of determining *1119 the alcoholic content thereof.... The term “serious bodily injury” means an injury to any person, including the driver, which consists of a physical condition that creates a substantial risk of death, serious personal disfigurement, or protracted loss or impairment of the function of any bodily member or organ.
(Emphasis added). The driver of a vehicle was not encompassed within the definition of serious bodily injury until the statute was amended in 1988. Ch. 88-5, § 4, at 195, Laws of Fla. This amendment was apparently a legislative response to appellate decisions interpreting section 316.1933(1) as authorizing a blood test only where a person other than the driver had been killed or seriously injured. See, e.g., State v. Perez, 531 So.2d 961 (Fla.1988).
It appears, however, that the legislature failed to contemplate the impact of this amendment upon a section 316.193(3)(c)2 prosecution. Because of the amendment, section 316.193(3)(c)2 is now internally inconsistent. Although it specifically requires an injury “to another,” it includes a term that is defined as including “the driver.” In accordance with the rule of construction set forth in section 775.021(1), Florida Statutes, we resolve this obvious ambiguity in the appellant’s favor and conclude that section 316.193(3)(c)2 does not authorize a conviction of DUI causing serious bodily injury where only the driver has been injured. The appellant’s conviction is accordingly reversed and this case is remanded to the trial court for entry of judgment and imposition of sentence for driving under the influence. See § 924.34, Fla. Stat.
PADOVANO and LEWIS, JJ„ CONCUR.