821 So.2d 364 (2002)
Thomas E. BRAZEAIL, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-0763.
District Court of Appeal of Florida, First District.
July 9, 2002.
*365 Pro se, Appellant.
Robert A. Butterworth, Attorney General, and James W. Rogers, Assistant Attorney General, Tallahassee, for Appellee.
ALLEN, C.J.
The appellant challenges the order by which the trial court summarily denied his Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief. Concluding that the appellant's motion sets forth a colorable claim for relief on the theory that his trial attorney misadvised him as to the amount of time he would have to serve before becoming eligible for release, and concluding further that the attachments to the order do not conclusively refute this colorable claim, we reverse the trial court's summary denial of the claim. Because the *366 appellant's remaining claims do not set forth a colorable basis for relief, we otherwise affirm the order under review.
The appellant entered a plea of guilty to various offenses and received a negotiated prison sentence of seven years. He thereafter filed a 3.850 motion in which he alleged that his plea had not been voluntarily, knowingly, and intelligently entered because his counsel had incorrectly advised him that he would be eligible for release after serving no more than four years of his sentence. He further alleged that he would not have entered the plea if he had known that under section 944.275(4), Florida Statutes, he would have to serve at least 85 percent of his seven-year sentence. Without conducting a hearing on the motion, the trial court denied the appellant's request that his plea, judgment, and sentence be vacated.
The threshold issue for our determination is whether the appellant alleged a colorable basis for relief. Some courts would take the view that the appellant's motion does not set forth a colorable claim because the appellant does not make further factual allegations that there is a reasonable probability that the ultimate outcome of the prosecution would have been more favorable for him had he not entered the plea. Apparently relying upon their understanding of the opinion in Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), a decision involving the Sixth Amendment right to effective assistance of counsel, those courts would require the appellant to allege further facts indicating that, had the plea not been entered, there was a reasonable probability of acquittal, conviction of a lesser offense, or a more advantageous plea offer. For example, Diaz v. State, 534 So.2d 817 (Fla. 3d DCA 1988), Siegel v. State, 586 So.2d 1341 (Fla. 5th DCA 1991), and Maples v. State, 804 So.2d 599 (Fla. 5th DCA 2002), appear to hold that, in order to state a facially sufficient claim in a case such as this, the defendant must allege that he had a "viable defense" in addition to an allegation that, but for the ineffective assistance of counsel, he would not have entered his plea of guilty or nolo contendere. Noting apparent conflict with these decisions, we conclude that such additional factual allegations are not required.
Separate and apart from any Sixth Amendment considerations, the appellant's claim is colorable under decisional law of this state relating to the requirement that pleas be voluntarily and knowingly entered. The law of Florida has long recognized that a plea of guilty or nolo contendere may be vacated when the defendant has entered his plea as a result of mistaken advice by defense counsel as to the consequences of a plea. See, e.g., Brown v. State, 92 Fla. 592, 109 So. 627 (1926); Crosby v. State, 97 So.2d 181 (Fla. 1957); Brown v. State, 245 So.2d 41 (Fla. 1971); Costello v. State, 260 So.2d 198 (Fla.1972); Thompson v. State, 351 So.2d 701 (Fla.1977); State v. Leroux, 689 So.2d 235 (Fla.1996); Banks v. State, 136 So.2d 25 (Fla. 1st DCA 1962); Eccleston v. State, 706 So.2d 368 (Fla. 1st DCA 1998). These decisions were not founded on a theory of ineffectiveness of counsel. Indeed, all but Leroux and Eccleston were decided before the decisions in United States v. Cronic, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984), and Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), in which the United States Supreme Court first articulated a comprehensive conception of the meaning of ineffective assistance of counsel. The issue under the Florida decisions is not whether the defense counsel has blundered in some manner. The issue is instead whether the plea was entered because of mistaken information given to the defendant regarding *367 the consequences of his plea, regardless of the source of the misinformation. As compelling evidence of this, several of the Florida decisions rely upon cases in which the sources of the mistaken information were persons other than defense counsel, including judges, prosecutors, and law enforcement officers. As the court wrote in Costello
Guilty pleas are voided where judges or prosecutors actually promise defendants they will be given lesser sentences than they in fact receive. We do not believe the result should be different when a defendant has a reasonable basis for relying upon his attorney's mistaken advice that the judge will be lenient. The effect upon the defendant is the same; in each case he exchanges his constitutional right to a jury trial for a promise of leniency.
260 So.2d at 201 (citations omitted). And none of the Florida decisions suggests that a defendant must allege facts demonstrating a reasonable likelihood of success at trial in order to be relieved of an involuntary or uninformed plea of guilty or nolo contendere. As succinctly articulated in the above-quoted language from Costello, the Florida cases recognize prejudice in these circumstances simply because a defendant has been deprived of his constitutional right to a trial. Cf. State v. Seraphin, 818 So.2d 485 (Fla.2002); Peart v. State, 756 So.2d 42 (Fla.2000).
Because the appellant's allegations in the present case clearly state a colorable basis for relief under the theory recognized by the Florida cases cited above, we are not required to determine whether the appellant has also stated a basis for relief on a theory of ineffective assistance of counsel. Nevertheless, we conclude that he has.
In Strickland v. Washington the United States Supreme Court adopted a two-part standard for evaluating Sixth Amendment claims of ineffective assistance of counsel. The Court held that "[w]hen a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." 466 U.S. at 687-688, 104 S.Ct. 2052. The Court also held, however, that "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S.Ct. 2052.
Hill v. Lockhart applied the Strickland, v. Washington test to a situation in which a convicted defendant sought to withdraw his plea of guilty as not having been voluntarily and knowingly entered because he had been erroneously advised by his counsel regarding when he would become eligible for parole under the negotiated sentence. The court summed up its holding as follows:
We hold, therefore, that the two-part Strickland v. Washington test applies to challenges to guilty pleas based on ineffective assistance of counsel. In the context of guilty pleas, the first half of the Strickland v. Washington test is nothing more than a restatement of the standard of attorney competence already set forth in Tollett v. Henderson, supra [411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973)], and McMann v. Richardson, supra [397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)]. The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show a reasonable probability that, but for counsel's errors, *368 he would not have pleaded guilty and would have insisted on going to trial.
474 U.S. at 58-59, 106 S.Ct. 366. The Court concluded that Hill's allegations were insufficient to satisfy the Strickland v. Washington prejudice requirement because he "did not allege in his habeas petition that, had counsel correctly informed him about his parole eligibility date, he would have pleaded not guilty and insisted on going to trial." Id. at 60, 106 S.Ct. 366.
The appellant in the present case has sufficiently pled the performance prong of Strickland and Hill. If the appellant's allegations are true, his counsel made a two-year error in predicting the number of years the appellant would be required to serve before he would be eligible for release, an error that could have been avoided by a simple reading of the relevant gain-time statute. This reflects attorney performance falling measurably below an objective standard of reasonably effective assistance of counsel.
The appellant has also sufficiently pled the prejudice prong of Strickland and Hill. Unlike the petitioner in Hill, the appellant in the present case specifically swore that if he had been accurately advised as to how long he would be in prison before he would be eligible for release, he would not have entered his plea of guilty. This is a sufficient allegation of prejudice, and, together with the allegations of deficient performance, satisfies the Hill requirements for alleging a colorable claim for relief.
As the Court explained in Hill, the "prejudice" requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." 474 U.S. at 59, 106 S.Ct. 366 (emphasis added). And the Court further elaborated that, in order to show prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. (emphasis added). Immediately following this language, the Court offered a footnote indicating that several federal appeals courts had previously "adopted this general approach" in their decisions. Id. Thomas v. Lockhart, 738 F.2d 304 (8th Cir.1984), and United States v. Gavilan, 761 F.2d 226 (5th Cir. 1985), were cited as examples of such decisions. These federal appeals court decisions in turn make it clear that the relevant inquiry for purposes of a Strickland prejudice analysis in conjunction with a motion to withdraw a plea because of attorney incompetence is whether the outcome of the "plea proceedings" would have been different had competent assistance of counsel been provided. See Thomas v. Lockhart, 738 F.2d at 307; United States v. Gavilan, 761 F.2d at 228. The critical inquiry, therefore, is not whether the defendant would have ultimately fared better had he not entered his plea. As we have held in previous decisions such as Mason v. State, 742 So.2d 370 (Fla. 1st DCA 1999), the proper inquiry is instead whether he would have entered the plea had he been competently advised by his counsel.
The Tenth Circuit recently explained the Hill decision as follows:
One year after deciding Strickland, in Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), the Supreme Court specifically considered the appropriate standard for demonstrating that a guilty plea was tainted by ineffective assistance of counsel. The Court held that a prisoner challenging a guilty plea because of ineffective assistance satisfies the prejudice inquiry by showing that the constitutionally ineffective performance "affected the outcome of the plea *369 process. In other words ... that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."
Miller v. Champion, 262 F.3d 1066, 1072 (10th Cir.2001) (emphasis added by the Miller court).
The Miller court was reviewing an order by which the trial court had denied Miller post-conviction relief on his claim that his plea of guilty had not been voluntarily and knowingly entered because of erroneous advice given him by his trial counsel. The trial court had ruled that, in order to be entitled to relief, Miller was required to show that, had he not pled guilty, there was a reasonable probability that he would have been acquitted at trial. The appellate court rejected the trial court's ruling, summarizing its holding as follows:
We hold that when a defendant alleges that his attorney's assistance led him to plead guilty, the test for prejudice is whether he can show that he would not have pled guilty had his attorney performed in a constitutionally adequate manner. It is not necessary for the defendant to show that he actually would have prevailed at trial, although the strength of the government's case against the defendant should be considered in evaluating whether the defendant really would have gone to trial if he had received adequate advice from his counsel.
Id. at 1068-1069. We agree with the Miller court's statement of the prejudice test to be applied in these circumstances. And we note the Miller court's observation that its views are consistent with the "overwhelming weight of authority" among the other federal circuits. Id. at 1074. Although the strength of the prosecution's case is circumstantially relevant to the ultimate issue of whether the defendant would have pled guilty had he been competently advised by his counsel, the defendant is not required to show in every situation that he had a reasonable probability of success at trial. And this being so, a defendant need not allege a reasonable probability of success at trial in order to state a colorable claim for relief.
The circumstantial relevance of the strength of the prosecution's case was discussed by the Court in Hill as follows:
In many guilty plea cases, the "prejudice" inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than going to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of the trial.
Id. at 474 U.S. 59, 106 S.Ct. 366 (emphasis added). This language recognizes the common, though not universal, evidentiary significance of the strength of the prosecution's case in determining whether prejudice has resulted from attorney incompetence in the plea process. But even this language from Hill recognizes that the prejudice inquiries for claims of attorney incompetence in the plea and trial stages differ, though they may often "closely resemble" one another.
Despite the Hill Court's clear indication that the required showing of prejudice in conjunction with a claim of *370 attorney incompetence in the plea process differs from the required showing of prejudice in conjunction with a claim of attorney incompetence at trial, some courts have suggested that the test for prejudice is identical in each of these situations. These courts would apparently require a defendant to allege and prove in either situation a reasonable probability that he would have fared better at trial had he been competently represented. We reject the notion that this heightened burden applies in the context of claims of attorney incompetence in the plea process.
The correctness of our position is confirmed by the recent opinion in Roe v. Flores-Ortega, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), in which the Court addressed a claim of ineffective assistance of counsel in conjunction with advising a defendant as to whether to take an appeal from his conviction. Flores Ortega alleged that his counsel's deficient performance deprived him of a timely notice of appeal and, hence, an appeal altogether. After observing that a complete denial of a judicial proceeding gives rise to a presumption of prejudice, the Court held that, "to show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Id. at 484, 120 S.Ct. 1029. The Court then provided a discussion of this prejudice standard. The discussion goes to the very heart of the issue before us in the present case.
We believe this prejudice standard breaks no new ground, for it mirrors the prejudice inquiry applied in Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), and Rodriquez v. United States, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969). In Hill, we considered an ineffective assistance of counsel claim based on counsel's allegedly deficient advice regarding the consequences of entering a guilty plea. Like the decision whether to appeal, the decision whether to plead guilty (i.e., waive trial) rested with the defendant and, like this case, counsel's advice in Hill might have caused the defendant to forfeit a judicial proceeding to which he was otherwise entitled. We held that "to satisfy the `prejudice' requirement [of Strickland], the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, supra, at 59, 106 S.Ct. 366. Similarly, in Rodriquez, counsel failed to file a notice of appeal, despite being instructed by the defendant to do so. See 395 U.S., at 328, 89 S.Ct. 1715. We held that the defendant, by instructing counsel to perfect an appeal, objectively indicated his intent to appeal and was entitled to a new appeal without any further showing. Because "[t]hose whose right to an appeal has been frustrated should be treated exactly like any other appellan[t]," we rejected any requirement that the would-be appellant "specify the points he would raise were his right to appeal reinstated." Id., at 330, 89 S.Ct. 1715. See also Evitts v. Lucey, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985) (defendant entitled to new appeal when counsel's deficient failure to comply with mechanistic local court rules led to dismissal of first appeal).
As with all applications of the Strickland test, the question whether a given defendant has made the requisite showing will turn on the facts of a particular case. See 466 U.S., at 695-696, 104 S.Ct. 2052. Nonetheless, evidence that there were nonfrivolous grounds for appeal... will often be highly relevant in making this determination.

*371 . . .
By the same token, although showing nonfrivolous grounds for appeal may give weight to the contention that the defendant would have appealed, a defendant's inability to "specify the points he would raise were his right to appeal reinstated," Rodriquez, 395 U.S., at 330, 89 S.Ct. 1715, will not foreclose the possibility that he can satisfy the prejudice requirement where there are other substantial reasons to believe that he would have appealed. See ibid.; see also Peguero [v. U.S.], supra [526 U.S. 23] at 30, 119 S.Ct. 961[, 143 L.Ed.2d 18 (1999)] (O'CONNOR, J., concurring) ("To require defendants to specify the grounds for their appeal and show that they have some merit would impose a heavy burden on defendants who are often proceeding pro se in an initial [habeas] motion"). We similarly conclude here that it is unfair to require an indigent, perhaps pro se, defendant to demonstrate that his hypothetical appeal might have had merit before any advocate has ever reviewed the record in his case in search of potentially meritorious grounds for appeal. Rather, we require the defendant to demonstrate that, but for counsel's deficient conduct, he would have appealed.
Id. at 485-86, 120 S.Ct. 1029. Accordingly, the prejudice analysis for a claim that incompetence of counsel led to loss of access to a trial is the same as the prejudice analysis for a claim that incompetence of counsel led to loss of access to an appeal. The analyses are the same because they both involve deprivation of access to an otherwise available judicial proceeding. Relief will be available in either situation if the defendant can demonstrate that, but for his counsel's deficient performance, he would have availed himself of the proceeding. And although the defendant's prospects of success at the judicial proceeding are obviously relevant to an assessment of whether he would have otherwise availed himself of the right to a trial or the right to an appeal, he is not required to make a showing as to his likelihood of success at trial or on appeal. The motion of the appellant in the present case was therefore not deficient for failure to include factual allegations demonstrating a reasonable probability of success at trial.
We accordingly conclude that, in addition to alleging a colorable claim for relief under the decisional law of Florida relating to involuntary pleas, the appellant also alleged a colorable claim for relief under a Sixth Amendment theory of ineffective assistance of counsel. In reaching this conclusion, we adhere to our decisions in cases such as Banks, Eccleston, and Mason.
In denying the appellant's claim, the trial court attached copies of the appellant's plea agreement and a transcript of the plea colloquy. But those attachments suffer from the same deficiency as did the attachment in Leroux, and consequently do not conclusively refute the claim. See Fla. R.Crim. P. 3.850(d).
The trial court's denial of appellant's claim that he is entitled to withdraw his plea because he was misadvised as to the length of time he would have to serve before becoming eligible for release is accordingly reversed, and this case is remanded for further consideration of that claim. The denial of the remaining claims is affirmed.
AFFIRMED in part, REVERSED in part, and REMANDED.
BROWNING and LEWIS, JJ., CONCUR.