828 So.2d 1047 (2002)
Edward KASPER, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-1174.
District Court of Appeal of Florida, First District.
October 14, 2002.
Appellant, pro se.
Robert A. Butterworth, Attorney General, and James W. Rogers, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
This is a timely appeal of the denial of a motion filed pursuant to Florida Rule of Criminal Procedure 3.850. The appellant pled nolo contendere to aggravated stalking under section 784.048(4), Florida Statutes (1999), in exchange for a sentence of 31.5 months of incarceration. He subsequently alleged in his rule 3.850 motion that he would not have pled but for his counsel's misadvice that the offense was a second-degree felony punishable by up to fifteen years, rather than a third-degree felony punishable by up to five years. The trial court denied the appellant's motion. We reverse.
The appellant's claim is facially sufficient. To show ineffective assistance, an appellant must show that 1) counsel's performance fell below an objective standard of reasonableness (deficient performance), and 2) but for counsel's errors, the results of the proceedings would have been different (prejudice). See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The appellant's allegations fulfill both prongs. First, he demonstrated that his counsel's performance was deficient by alleging that counsel told him the offense was a second-degree felony even though aggravated stalking under section 784.048(4) is a third-degree felony, and his maximum exposure was thus five years, rather than 15 years. See § 775.082(3)(c) and (d), Fla. Stat. (1999). *1048 See, e.g., Ash v. State, 767 So.2d 1260 (Fla. 1st DCA 2000) (holding that affirmative misadvice as to the length of an appellant's sentence is deficient performance). Second, he showed that he was prejudiced by alleging that he would not have pled, but would have gone to trial, if not for the ineffectiveness of his counsel. See Mason v. State, 742 So.2d 370 (Fla. 1st DCA 1999).
The appellant's claim is not refuted by the record on appeal because there is no indication that the misadvice was corrected by court documents or the trial court. Cf. McKay v. State, 715 So.2d 1001, 1002 (Fla. 1st DCA 1998) (holding that the record conclusively refutes a claim of ineffective assistance of counsel where both the trial court and appellant's counsel noted at the plea colloquy that the sentence included a mandatory term, and the appellant asserted that he had only been promised the agreement). The appellant's scoresheet, plea, and sentencing documents all erroneously reflect that the crime is a second-degree felony. Accordingly, we reverse and remand to the trial court for an evidentiary hearing or for attachments from the record which conclusively refute the appellant's claim that his counsel misadvised him as to the length of his sentence.
REVERSED and REMANDED.
ERVIN and BROWNING, JJ., concur; KAHN concurs with opinion.
KAHN, J., concurring.
I concur in the result, subject to the observations I made in my concurring opinion in Mason v. State, 742 So.2d 370, 372 (Fla. 1st DCA 1999).