846 So.2d 613 (2003)
Broderick MONGO, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-3626.
District Court of Appeal of Florida, First District.
May 23, 2003.
Appellant, pro se.
Charlie Crist, Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant challenges the summary denial of his motion for post conviction relief filed pursuant to rule 3.850, Florida Rules of Criminal Procedure. Appellant raised two bases for post conviction relief. We determine one of the issues was properly addressed by the trial court and affirm without further discussion. The second issue is whether appellant's plea was involuntary due to ineffective assistance of counsel because counsel failed to object to an unnecessary substitution of judges at the time of sentencing. This issue was not addressed by the trial court. We, nevertheless, affirm because we ascertain from the appellate record that appellant's petition fails to sufficiently allege the prejudicial effect of counsel's ineffectiveness on appellant's plea. Roulhac v. State, 746 So.2d 1207 (Fla. 1st DCA 1999).
Appellant entered a plea of nolo contendere to a charge of resisting an officer with violence and battery upon a law enforcement officer. The appellant was sentenced within the terms outlined by the plea agreement to five years' imprisonment to run consecutively with the sentence he was already serving. According to allegations contained within appellant's motion for post conviction relief, he was sentenced by a different judge from the one who accepted the plea agreement. No objection was raised to the procedure *614 at that time and no direct appeal was filed. The relief sought by appellant's motion is to allow him to withdraw his negotiated plea. We find no basis for the court to grant this relief.[1]
In Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) the Supreme Court of the United States set forth the standards for courts in evaluating claims of ineffective assistance of counsel:
First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
This standard applies when the case has been tried and has been reiterated by Florida courts many times. See, e.g., Thompson v. State, 759 So.2d 650 (Fla. 2000).
This standard has been applied in the context of the entry of a plea to require the defendant to show that he was prejudiced by entering the guilty plea. See State v. Seraphin, 818 So.2d 485 (Fla. 2002). Failure to sufficiently allege the prejudice prong will result in affirmance of summary dismissals.
In the instant case, appellant has failed to demonstrate any prejudice related to the entry of his plea: The motion in the present case alleges no mistaken advice by defense counsel, only that appellant "would not have plead[ed] to the charges had he known that Judge Smith was not going to be imposing the sentence for the court." This falls short. The motion contains no well-pleaded allegation that the plea was not given freely or knowingly. Taking what is alleged as true, see Haynes v. State, 729 So.2d 498, 499 (Fla. 1st DCA 1999) ("[T]he reviewing court must assume the truth of the allegations set forth in the motion and determine from that premise whether the prisoner has presented a prima facie claim for relief."), the defendant's unwarranted assumption about who the sentencing judge would be did not render the plea the product of duress, or involuntary in any way.
Nor is a plea entered on the assumption that a particular judge will pronounce sentence unknowing in any way material to the plea. In the nature of things, a pleading defendant has no assurance that a particular judge will be alive and well when time comes for sentencing. As a matter of law, appellant's claim that trial counsel's performance after the plea was entered was deficient for failure to object to a successor judge at sentencing can go to the validity only of the sentence, not the plea. The trial court properly denied the relief appellant sought, viz., to be "allow[ed]... to withdraw the ... plea."
The judgment of the trial court is affirmed.
WOLF and BENTON, JJ., concur; ERVIN, J., concurs and dissents with opinion.
*615 ERVIN, J., concurring and dissenting.
I join the majority in its disposition of appellant's ineffective assistance of counsel claim relating to the minimum mandatory sentence; however, I cannot agree to affirm the summary denial of appellant's ineffectiveness claim relating to the substitute judge, and for that reason I dissent.
As explained in Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), the two-prong test established in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), applies to challenges to guilty pleas based on ineffective assistance of counsel. The majority does not discuss the first prong, pertaining to counsel's deficient conduct, but I conclude that appellant adequately satisfied this requirement by alleging that his lawyer failed to object to the substitution of judges at sentencing in the absence of any explanation as to why a substitute judge was required. See Fla. R.Crim. P. 3.700(c); Lawley v. State, 377 So.2d 824 (Fla. 1st DCA 1979); Clemons v. State, 816 So.2d 1180 (Fla. 2d DCA 2002).
As for the second prong relating to prejudice, the focus of the inquiry is on "whether counsel's constitutionally ineffective performance affected the outcome of the plea process." Hill, 474 U.S. at 59, 106 S.Ct. 366. Accord State v. Seraphin, 818 So.2d 485, 491 (Fla.2002) (concluding that, in situations involving counsel's alleged failure to inform the defendant about the deportation consequences of a plea, a defendant need show only that "he or she would not have entered the plea"); Mason v. State, 742 So.2d 370, 371 (Fla. 1st DCA 1999) (quoting Hill as stating that the prejudice prong "is satisfied by an allegation `that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial'"); Kasper v. State, 828 So.2d 1047, 1048 (Fla. 1st DCA 2002) (concluding that defendant, who had entered plea based on misadvice regarding the statutory maximum sentence, established prejudice by alleging he would have gone to trial but for the ineffectiveness of counsel).
The majority has disposed of this case based upon its conclusion that appellant "failed to demonstrate any prejudice related to the entry of his plea." To the contrary, I conclude that appellant's allegations are sufficient to warrant something other than the summary denial of his motion, whether by an evidentiary hearing or the attachment of additional records. Appellant alleged that Judge Smith presided at the time he changed his plea from guilty to not guilty, but that his successor, Judge Lott, who may or may not have possessed knowledge of his case, presided at sentencing. He alleged also that defense counsel failed to object to his being sentenced by Judge Lott without a showing of necessity or emergency warranting the substitution of judges. Appellant concluded by stating "he would not have plead[ed] to the charges had he known that Judge Smith was not going to be impossing [sic] the sentence for the court; but he would, instead, have gone to trial." Appellant requested that he be allowed to withdraw the involuntary plea.
The above allegations, in my judgment, are sufficient to satisfy the prejudice prong of the Strickland test, as it applies to requests to withdraw involuntary pleas based upon ineffective assistance of counsel. By stating that he would not have entered a plea had he known Judge Smith would not sentence him, and that he would have taken his chances on the charges with a jury rather than face sentencing by Judge Lott based upon a plea, appellant has made out a prima facie claim that counsel's deficient performance affected *616 the outcome of the plea process under Hill, Seraphin, Mason and Kasper.[2]
NOTES
[1] If a defendant properly objects to use of a successor judge, thereby preserving the error for appeal, the defendant is entitled to relief on direct appeal. See Madrigal v. State, 683 So.2d 1093 (Fla. 4th DCA 1996). Even on direct appeal, however, the correct remedy is resentencing by the original judge or an explanation of why that judge could not preside, not withdrawal of the plea as sought by appellant in the instant case. Clemons v. State, 816 So.2d 1180 (Fla. 2d DCA 2002); Lawley v. State, 377 So.2d 824 (Fla. 1st DCA 1979).
[2] The state in fact concedes error as to this issue and agrees that reversal and remand are required.