PER CURIAM.
The appellant challenges the trial court’s summary denial of his Florida Rule of Criminal Procedure 3.850 motion alleging ineffective assistance of counsel. The appellant claimed that his trial counsel affirmatively misadvised him with regard to the maximum sentence to which he might be exposed should he violate probation after entering into a plea agreement. He further claimed that but for this misadviee, he would not have entered his plea but would have proceeded to trial. The plea and sentencing colloquy attached to the appellant’s motion do not refute the appellant’s claim. Because the appellant’s claim is facially sufficient, we reverse the summary denial and remand for the trial court to either attach record portions conclusively refuting his entitlement to relief or else hold an evidentiary hearing on the claim. See Kasper v. State, 828 So.2d 1047, 1047 (Fla. 1st DCA 2002).
REVERSED and REMANDED.
WOLF, C.J., LEWIS and POLSTON, JJ., Concur.