PER CURIAM.
The appellant challenges the trial court’s denial of his Motion to Enforce a Plea Agreement, which this Court construes as a rule 3.850 motion. We reverse the denial of the appellant’s claim asserting that he was denied effective assistance of counsel where he was misadvised by counsel regarding his maximum sentencing exposure.
A motion to enforce a plea agreement should be construed as a rule 3.850 motion where the motion meets the procedural requirements of rule 3.850 and where the motion states a facially sufficient claim for relief. See Flowers v. State, 881 So.2d 730 (Fla. 1st DCA 2004). Here, the appellant’s motion is properly sworn, timely, and procedurally correct. Further, as discussed below, the appellant’s motion states a facially sufficient claim for relief.
In his motion, the appellant asserts that his counsel affirmatively misad-vised him of the consequences of his “straight up” plea. Specifically, the appellant asserts that his written plea agreement included a provision stating that the appellant would be sentenced within the guidelines. Further, the appellant asserts that he was informed by counsel that the *714 trial court would impose a sentence within the recommended guideline range as opposed to a more severe sentence as allowed by the statutory maximum for the offenses. Counsel’s affirmative misrepresentations can be the basis for a claim of ineffective assistance seeking leave to withdraw a guilty plea. State v. Leroux, 689 So.2d 235, 236 (Fla.1996). However, when an appellant pleads guilty, the appellant must also demonstrate “a reasonable probability that, but for counsel’s errors, the defendant would not have pleaded guilty and would have insisted on going to trial.” Brazeail v. State, 821 So.2d 364, 368 (Fla. 1st DCA 2002). Here, the appellant asserts he would not have entered the “straight up” plea absent his counsel’s assurance that the trial court would sentence the appellant within the recommended guideline range. Furthermore, the trial court’s record attachments demonstrate that the appellant’s plea agreement included a provision stating that the appellant’s sentencing disposition would be “per the guidelines.” Thus, the appellant has made a facially sufficient claim for relief in his Motion to Enforce the Plea Agreement, which should be construed as a rule 3.850 motion. We therefore reverse the trial court’s order summarily denying the appellant’s rule 3.850 motion and remand with instructions to either hold an eviden-tiary hearing or attach portions of the record conclusively refuting the appellant’s claims.
REVERSED AND REMANDED.
ERVIN, DAVIS, and BENTON, JJ., concur.