PER CURIAM.
Appellant, Robert Adams, challenges the trial court’s order summarily denying his Florida Rule of Criminal Procedure 3.850 motion arguing four grounds for relief. Because the trial court erred in summarily denying appellant’s claim that his counsel was ineffective for advising him to enter a plea to a charge of driving under the influence (“DUI”) with serious bodily injury, we reverse. We affirm the trial court’s denial of appellant’s remaining claims without further discussion.
On October 22, 2001, appellant was convicted of two counts of DUI manslaughter and one count of DUI with serious bodily injury and was sentenced to fifteen years’ imprisonment on count one, a consecutive term of five years’ imprisonment followed by five years’ probation on count two, and a concurrent term of five years’ probation on count three. In his postconviction motion, appellant alleged that counsel was ineffective for advising him to plead guilty to DUI with serious bodily injury because the only person with serious bodily injury was appellant. Appellant alleged that he would not have pled to this charge absent counsel’s advice. Thus, appellant stated a facially sufficient claim for postconviction relief. Brazeail v. State, 821 So.2d 364, 368 (Fla. 1st DCA 2002).
On September 6, 2001, this Court issued an opinion stating that a defendant could not be convicted of DUI with serious bodily injury when the only person that sustained an injury was the defendant. Smith v. State, 793 So.2d 1118 (Fla. 1st DCA 2001). In appellant’s case, the information charged that appellant committed serious bodily injury to himself. Moreover, the prosecutor stated that the factual basis for the charge of DUI with serious bodily injury was that appellant was injured in the accident. Thus, there was no factual basis to support appellant’s plea. The trial court denied this claim under the mistaken belief that the decision in Smith would have to apply retroactively to appellant’s conviction. However, Smith was decided prior to the entry of appellant’s plea, and counsel should have been aware of this decision before he advised his client to enter a plea to the charge of DUI with serious bodily injury. Because the trial court erred by denying this claim, we reverse the denial of this portion of appellant’s motion and remand for an evidentia-ry hearing.
AFFIRMED in part, REVERSED in part, and REMANDED.
WOLF, LEWIS, and THOMAS, JJ., concur.