IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JEFFREY DALE SMITH,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-1237

Opinion filed September 16, 2014.

An appeal from the Circuit Court for Clay County.
Don H. Lester, Judge.

William R. Ponall, Snure & Ponall, P.A., Winter Park, for Appellant.

Pamela Jo Bondi, Attorney General, and Kristen Bonjour, Assistant Attorney General, Tallahassee, for Appellee.


PER CURIAM

      Jeffrey Dale Smith appeals from an order denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.850 and a separate order denying an amended motion that supplemented his original motion after the trial court had issued a final order. We affirm, without comment, the postconviction court's denial

of the Appellant's second and third claims in his original rule 3.850 motion, as well as the denial of his amended rule 3.850 motion. However, as to the appellant's first claim in his original rule 3.850 motion, we reverse.

A defendant states a facially sufficient claim of ineffective assistance of counsel where he alleges that his attorney misadvised him as to his maximum possible sentencing exposure and that, but for this misadvice, he would not have pled guilty, but would have insisted on going to trial. Kasper v. State, 828 So. 2d 1047, 1047-48 (Fla. 1st DCA 2002). A trial court may not summarily deny such a claim unless it is refuted by the record. Id. at 1048.

In the instant case, the appellant set out a facially sufficient claim. He alleged that his attorney erroneously advised him that he faced a total possible sentence of thirty-five years in prison, when the highest possible sentence he could have received was actually twenty-five years in prison. He further asserted that, but for this misadvice, he would not have pled guilty, but would have insisted on going to trial. As the State conceded in its response to this Court's Toler[1] order, this claim was not refuted by the records attached to the trial court's order denying relief.

Accordingly, we reverse the trial court's denial of the first claim in the appellant's original rule 3.850 motion. On remand, should the trial court again

---

[1] Toler v. State, 493 So. 2d 489 (Fla. 1st DCA 1986).

conclude that appellant's claim lacks merit, it shall attach to its order the portions of the record conclusively refuting that claim. Otherwise, it shall hold an evidentiary hearing.

AFFIRMED IN PART; REVERSED IN PART, AND REMANDED.

WOLF, ROWE, and OSTERHAUS, JJ., CONCUR.