PER CURIAM.
Appellant pleaded guilty to three crimes: (1)using a computer to solicit a minor for sex, (2) traveling to meet a minor after using a computer to solicit a minor for sex, and (3) unlawful use of a two-way communication device to facilitate a felony. For the second time, he appeals the trial court’s order denying postconviction relief. We affirm.
In his earlier appeal, Appellant claimed that trial counsel misadvised him about his maximum possible sentence, wrongly telling him that he faced up to 35 years in prison, instead of just 25. Armed with the correct information, Appellant asserted that he would have insisted on going to trial. Because we found he stated a facially sufficient claim, we remanded for further proceedings. Smith v. State, 146 So.3d 536 (Fla. 1st DCA 2014). On remand, the court heard evidence and, based on testimony from Appellant’s trial counsel, concluded that Appellant was not mi-sadvised and again denied the claim. Appellant now argues that the trial court’s conclusion lacked evidentiary support. Because the record plainly shows otherwise, we affirm the trial court’s decision denying this claim.
Appellant’s second postconviction claim is that his trial counsel was ineffective for failing to make a double jeopardy argument at sentencing. In his initial rule 3.850 motion, Appellant claimed that, had counsel argued that double jeopardy precluded sentences for both (1) using a computer to solicit a minor for sex and (2) traveling to meet a minor after using a computer to solicit a minor for sex, his sentence would have been shorter. The trial court denied the claim below, noting that State v. Murphy, 124 So.3d 323 (Fla. 1st DCA 2013), would have foreclosed the double jeopardy argument, and explained that “[cjounsel cannot be found ineffective for failing to make an argument that would be fruitless under the current state of the law.” This court affirmed without comment the trial court’s summary denial of this claim, so that decision is now the law of the case. See Smith, 146 So.3d at 537; Fla. Dep’t of Transp. v. Juliano, 801 So.2d 101, 105 (Fla.2001). We nevertheless have the authority to revisit our earlier decision, see R.J. Reynolds Tobacco Company v. Townsend, 118 So.3d 844, 847 (Fla. 1st DCA 2013), but that would not be proper here.
Appellant correctly notes that the Florida Supreme Court’s recent decision in State v. Shelley, 176 So.3d 914, 919 (Fla. 2015), does not allow convictions for solicitation and traveling if the convictions are based on the same conduct (effectively overruling Murphy). But Appellant claims only that his counsel was ineffective for not arguing that his sentence should have been shorter. Thus, there was no *705 such ineffectiveness, because the Florida Supreme Court’s 2015 decision in Shelley does not make counsel’s 2013 decision in Appellant’s case constitutionally infirm. Cf. Jackson v. Herring, 42 F.3d 1350, 1359 (11th Cir.1995) (“To be effective within the bounds set by Strickland, an attorney need not anticipate changes in the law.”). Furthermore, based on the trial court’s comments at the original sentencing, the record refutes any claim that the trial court would have imposed a shorter sentence, regardless of whether the solicitation and traveling had been based on the same conduct.
Accordingly, the trial court’s order denying Appellant’s motion filed pursuant to Florida Rule of Criminal Procedure 3.850 is affirmed.
AFFIRMED.
B.L. THOMAS, WETHERELL, and WINSOR, JJ., concur.