IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JOSEPH FARLEY,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-3491

_____/

Opinion filed April 4, 2017.

An appeal from the Circuit Court for Duval County.
Russell L. Healey, Judge.

Flem K. Whited, III, and Kayla R. Hathaway, Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General, and Robert Quentin Humphrey, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

      Joseph Farley appeals the summary denial of his motion for postconviction relief filed under Florida Rule of Criminal Procedure 3.850. We affirm in all

respects except for the summary denial of Ground Six. We reverse and remand for further proceedings on that ground for the reasons that follow.

Farley pled guilty to two counts of DUI manslaughter and his judgment and sentence were affirmed on direct appeal in Farley v. State, 151 So. 3d 1234 (Fla. 1st DCA 2014) (unpublished table opinion). In May 2016, Farley filed a timely rule 3.850 motion containing 16 "grounds" for relief, all of which alleged claims of ineffective assistance of trial counsel. The postconviction court summarily denied the motion, finding all of the claims to be legally insufficient and/or refuted by the record. This timely appeal followed.

In Ground Six of the motion, Farley alleged that his trial counsel's performance was deficient because he told Farley that all of the discovery materials pertaining to his blood draw had been received and contained nothing beneficial to the defense when, in fact, several discovery requests were still awaiting a response. Farley further alleged that but for this deficient performance he would not have entered a negotiated plea and instead would have insisted on going to trial.

This claim is facially sufficient, see Mason v. State, 742 So. 2d 370 (Fla. 1st DCA 1999), and as the State concedes, it is not refuted by the record excerpts attached to the postconviction court's order. The motion for discovery attached to the order refutes any suggestion that trial counsel failed to pursue discovery pertaining to Farley's blood draw, but it does not refute the claim alleged in Ground

Six that counsel's misrepresentation that all of the discovery responses had been received and were not beneficial to the defense induced Farley to enter a plea.

Accordingly, we reverse the summary denial of Ground Six and remand for the postconviction court to either attach portions of the record refuting the claim of ineffective assistance of counsel alleged in that ground or to hold an evidentiary hearing on that ground.  In all other respects we affirm the postconviction court's order.

AFFIRMED in part; REVERSED in part; REMANDED with directions.

WETHERELL, MAKAR, and KELSEY, JJ., CONCUR.