WARREN, LAMAR, Associate Judge.
The appellant was arraigned and pled not guilty. He thereafter filed his motion to suppress as evidence all tangible items of property and other evidence seized from him. At the conclusion of testimony on the motion, and argument of counsel, the trial judge denied the motion.
Following the denial there occurred a conference between the assistant county solicitor, the assistant public defender, the judge and the appellant, in which the plea of not guilty was changed to a plea of guilty as charged, the following colloquy in the transcript:
“MR. NAGEL: . . . and I would also at this time make the agreed-upon stipulation that on this plea the ¡Statie would, if the defendant intends to appeal His Honor’s ruling on the motion [to suppress], that we would stipulate that the plea of guilty would not eliminate this right to appeal His Honor’s denial of the motion.
“THE COURT: Right. I think that should be reflected in the record, certainly, the mutual understanding of the State, the Defense and the Court at this time.
“MR. JONES: Yes, Your Honor. The plea is being entered with that understanding that it would not prejudice his rights to appeal.
“THE COURT: Very well. Let that so be affirmatively reflected in the record.
“MR. NAGEL: May I add this? It may not be necessary, but the outcome of the appeal, in other words this plea is not conditional on the outcome.
*502 “MR. J-ONES: No, not the outcome.
“THE COURT: Right. I would think so.”
Adjudication of guilt was withheld, with a presentence investigation to be ordered.
There later follows in the record appellant’s motion to withdraw his guilty plea above and to enter a plea of nolo contendere to the information, his ground therefor being that by entering a plea of guilty he was precluded from appealing the denial of his motion to suppress; the motion was denied. Still later another order appears wherein the court again denied appellant’s motion to withdraw the guilty plea and to substitute therefor a plea of nolo contendere, the court holding that the guilty plea would not preclude the appellant from appealing his motion to suppress.
Appellant subsequently appeared before the trial court, at which time adjudication of guilt was withheld; appellant was placed on probation for a period of three years; he was required to pay the public defender’s lien for his representation; and he was required to serve three months in the county correctional institution.
Notice of appeal was filed.
Appellant’s first point inquired whether the evidence produced on the motion to suppress established that the arrest of appellant and his companions was illegal, and the subsequent inventory of their vehicle an unreasonable search and seizure; and his second point inquired whether the court erred in accepting appellant’s guilty plea with the agreement that his right to appeal would not be prejudiced.
The state’s first point is that this court is without authority to review the trial judge’s ruling on appellant’s motion to suppress ; and its second point is that the trial court did not err in denying the motion to suppress.
A decision is indicated first on the points concerning the guilty plea, the state asserting in its brief that the instant appeal should be dismissed since a plea of guilty is a bar to the attempted appellate review.
That a plea of nolo contendere reserving questions of law may be accepted, while a plea of guilty may not, appears from State v. Ashby, Fla.1971, 245 So.2d 225, 228; thus, it would seem that this appeal should be dismissed. Appellant however argues at length that the plea bargaining was faulty, it being impossible to determine the terms of the bargain or what benefit the appellant would receive if he prevailed on appeal, yet had plead guilty; and that a trial judge has a duty to determine that a guilty plea is voluntarily and understandingly made.
In Reddick v. State, Fla.App.1966, 190 So.2d 340, where the appellant plead guilty to first degree murder upon a misapprehension that if the state attorney would recommend mercy he would get life imprisonment, but received the death penalty, it was stated that, “A plea of guilty must be entirely voluntary by one competent to know the consequences, and may not be induced by any form of undue motivation, among which are misapprehension and coercion [citing cases]. And even a slight undue motivation will invalidate such a plea; it must be ‘without semblance’ of such influence [citing cases].” The court found that it could not be denied that Reddick was misled and was under a misapprehension, and a new trial was ordered.
The court said in Williams v. State, Fla.App.1971, 245 So.2d 680, that “A plea of guilty may be accepted only if knowingly, understandingly and voluntarily given.”
It will be remembered that appellant, after pleading guilty, sought to withdraw his guilty plea and to enter a plea of nolo contendere (see State v. Ashby, supra). Needless to say, it would have cured the problem; all were in agreement that appellant’s right to appeal be preserved.
Clearly, appellant’s plea of guilty was not knowingly, understandingly and voluntarily made. It is unclear as to exact *503 ly what was the agreement, nor was what it sought to achieve permissible.
The judgment and sentence entered below are reversed, with directions that the appellant be given a new trial.
Since the evidence given on the motion to suppress no doubt will be sought to be utilized by the state upon new trial, the following consideration is given to the propriety of the seizure of the marijuana and the use of the same as evidence.
Under appellant’s first point, i. e., that the evidence on the motion to suppress established that the arrest of appellant and his two companions for disorderly conduct was illegal and that the subsequent inventory of their vehicle was an unreasonable search and seizure predicated on a pre-textual arrest, he argues that the arrest was without basis and therefore illlegal, their conduct not being the sort proscribed by the city ordinance under which they were charged. The ordinance however was not offered in evidence; in any event appellant subsequently was found guilty in the municipal court.
The argument is next advanced that the arrests were merely a pretext to explore the car, the evidence showing that, before the arrests for disorderly conduct, the police “suspected” that the car contained marijuana.
While it is true the arresting officer stated that all he had at that time was a suspicion of marijuana, he recounted that he first observed the three suspects, at two o’clock in the morning, walk from their car, which had an out of town tag on it, into a restaurant which had a reputation for drug traffic, and that he observed them again about five o’clock as they pulled into a motel parking lot; that one of the car’s occupants, who was locally known for prior criminal activity, walked into the motel and when he came out appeared to be very frightened when he saw the officer, which caused the officer to become suspicious; that at this time another of the subjects was missing and, upon inquiry as to his whereabouts, appellant said he had “freaked out,” gotten scared; that shortly after a back-up officer arrived, the missing individual came from the back of the motel appearing very visibly shaken and obvious “hung over” or intoxicated; that when questioning them, the appellant said they were looking for a certain motor lodge, which the officer did not believe because one of the three was from Orlando and “hung around” downtown; and that the back-up officer picked up a seed from the front seat of the suspects’ car. Although he related, that breaking and entering the cars in the parking lot did not cross his mind, robbing the motel did because of the situation as a whole. His arrest, he testified, was based on all of the elements that were involved, including the statement about looking for the motor lodge, one of the three “coming apart at the seams,” and another being so visibly shaken at just the sight of the officer.
The back-up officer testified that the arresting officer said over the radio he was under the impression that the men were about to commit armed robbery; and when he got to the scene, the first officer also said he had seen them driving about the streets all night and he had become suspicious of their actions.
These facts suggest the possibility that the arrest was one which would have been made by any officer confronted with them. State v. Holmes, Fla.App.1971, 256 So.2d 32; Urquhart v. State, Fla.App.1971, 261 So.2d 535. The discovery of the marijuana seed on the seat of the car before the arrest does not change the facts recited above. All of the occupants of the car were arrested and the police had the right to inventory the contents of the car.
The denial of the motion to suppress was correct.
WALDEN and MAGER, JJ., concur.