573 So.2d 116 (1991)
Bobby J. HELMS, Appellant,
v.
STATE of Florida, Appellee.
No. 90-02951.
District Court of Appeal of Florida, Second District.
January 4, 1991.
PER CURIAM.
Bobby Helms appeals the denial of his motion for postconviction relief. We reverse.
The two issues presented in Helms's motion, ineffective assistance of counsel and involuntary plea of no contest, are interrelated. Helms alleges that he was persuaded to enter the plea after the trial court denied his motion to suppress confession. His desire was to preserve the suppression issue for appellate review. However, the state refused to stipulate that the suppression order would be dispositive of the case. See Brown v. State, 376 So.2d 382 (Fla. 1979). The trial court specifically found that the issue was not dispositive. Counsel, who disagreed, recommended that Helms go ahead with the plea. On appeal the public defender withdrew pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and this court affirmed. Helms v. State, 535 So.2d 272 (Fla. 2d DCA 1988). Helms now maintains that counsel should have known there could be no chance of relief on appeal absent a stipulation or finding that the motion to suppress was dispositive.
The state, in their response to the motion, argues that Helms was aware he was taking a gamble by entering the plea in the face of the prosecutor's and trial court's resistance on the question of dispositiveness. However, we believe that the extent of Helms's understanding is a matter best addressed at an evidentiary hearing. While it is certainly possible he appreciated that he risked dismissal or summary affirmance of his appeal, so is there the possibility that he reasonably relied upon poor advice from counsel. We conclude that Helms's motion (if true) sets forth a prima facie showing of his entitlement to withdraw the plea, a showing which is not *117 conclusively rebutted by the exhibits attached to the trial court's order.
In so holding, we note that the statement of facts contained in the Anders brief, as well as the motion to suppress (both of which are included in the record) suggest that the suppression issue was at least arguable, had it been properly preserved for appellate review. However, it is not necessary that Helms prove at this stage that he would have prevailed on appeal, and our decision today should not be construed as a prediction of the success of any future appeal involving the confession. We hold only that the voluntariness of a plea can be undercut if the decision to plead is influenced by erroneous advice regarding the defendant's appellate rights. Gullo v. State, 280 So.2d 501 (Fla. 4th DCA 1973). See also, Newbold v. State, 521 So.2d 279 (Fla. 2d DCA 1988) (appeal after guilty plea dismissed, without prejudice to challenge voluntariness of the plea via rule 3.850). We note that the First District Court of Appeal appears to have taken a different viewpoint in Wright v. State, 547 So.2d 258 (Fla. 1st DCA 1989). However, even in that case the court left open the possibility of the defendant establishing a claim of ineffective assistance of counsel, as Helms has attempted to do. 547 So.2d at 260, n. 4.
Reversed and remanded for further proceedings consistent with this opinion and with Florida Rule of Criminal Procedure 3.850.
RYDER, A.C.J., THREADGILL and PARKER, JJ., concur.