PER CURIAM.
Appellant James Hawley, having entered a plea of no contest, seeks review of certain court orders relating to his speedy trial period. As to the first grant extending the speedy trial period by 60 days, the trial court did not abuse its discretion in finding an *1358 exceptional circumstance existed to justify the time extension. Fla. R.Crim. P. 3.191(2); Routly v. State, 440 So.2d 1257 (Fla.1983), cert. denied, Routly v. Florida, 468 U.S. 1220, 104 S.Ct. 3591, 82 L.Ed.2d 888 (1984); Westberry v. State, 700 So.2d 1236 (Fla. 1st DCA 1997). The trial court’s denial of appellant’s motion for discharge, which was made after the initial 175-day speedy trial period but before the lapse of the 60-day extension was, therefore, proper.
Appellant also complains about the trial court’s grant of the state’s motions for continuance and consolidation. These rulings of the trial court are not preserved for review. A legal issue reserved for appeal after a no contest plea must be dispositive of the case. Brown v. State, 376 So.2d 382, 384 (Fla.1979); Stone v. State, 688 So.2d 1006 (Fla. 1st DCA 1997). The second grant extending the speedy trial period by 30 days is not dispositive because appellant failed to file a Notice of Expiration of Speedy Trial Time as required by Rule 3.191(h), Florida Rules of Criminal Procedure. The filing of the notice allows the court to make the inquiry required by Rule 3.191(p) and bring the defendant to trial if indicated. Appellant Haw-ley entered his plea of no contest before this was done.
AFFIRMED.
BARFIELD, C. J., and KAHN and DAVIS, JJ., concur.