734 So.2d 1086 (1999)
Eric ADAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 97-4767.
District Court of Appeal of Florida, First District.
February 17, 1999.
Appellant pro se.
Robert A. Butterworth, Attorney General, and Charmaine M. Millsaps, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
In this appeal, Eric Adams challenges an order which denied his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. In reviewing the file and record, it appeared that appellant's notice of appeal was not timely filed. We issued an order to show cause why the appeal should not be dismissed. Appellant has responded, arguing that we should consider the appeal timely because he did not receive the order denying his motion in a timely manner.
Appellant's response to the show cause order is not sworn. The record reveals that more than 30 days after the trial court rendered its 1997 order denying his postconviction motion, appellant incorrectly filed a "notice of belated appeal" with the trial court. This notice claimed that appellant had not been advised at the evidentiary hearing of his right to appeal and had not received a copy of the written order denying his postconviction motion. The trial court took no action with regard to this notice of belated appeal.
We write primarily because this is a recurring problem. We deem it important to reiterate that in order to appeal a final order in a criminal case after the 30-day *1087 period for filing the notice of appeal has passed, a litigant's sole remedy is to file with the appellate court a petition for a belated appeal which complies with Florida Rule of Appellate Procedure 9.140(j).[1]See, e.g., Woodward v. State, 710 So.2d 743 (Fla. 1st DCA 1998). "Florida Rule of Appellate Procedure 9.140(j), [effective January 1, 1997,] created a new procedure for filing original petitions for belated appeal directly in this court,"[2] rather than in the trial court. Wessells v. State, 23 Fla. L. Weekly D1475, ___ So.2d ___ (Fla. 1st DCA June 15, 1998); Schubert v. State, 23 Fla. L. Weekly D1353, ___ So.2d ___ (Fla. 1st DCA June 3, 1998).
Because appellant's response to this court's show cause order is unsworn and fails to set forth all of the information required by rule 9.140(j), we cannot treat it as a petition for belated appeal. The appeal is dismissed without prejudice to appellant timely filing with this court a petition for belated appeal which complies with the requirements of rule 9.140(j).
DISMISSED.
WOLF, WEBSTER and LAWRENCE, JJ., concur.
NOTES
[1] This is true whether the appeal is from a judgment and sentence or from an order denying a motion for postconviction relief. See, e.g., Pompey v. State, 707 So.2d 1188 (Fla. 1st DCA 1998); Baker v. Singletary, 720 So.2d 314 (Fla. 1st DCA 1998). Although there is case law stating that postconviction proceedings are civil in nature, see e.g., State v. White, 470 So.2d 1377 (Fla.1985), the Florida Supreme Court has held that Florida Rule of Civil Procedure 1.540 is not applicable to criminal postconviction proceedings. See Steinhorst v. State, 636 So.2d 498 (Fla.1994). Because rule 1.540 is not applicable, it seems logical to us that rule 9.140(j) is the vehicle for seeking belated appeal in this type of case.
[2] Although often mislabeled as petitions for habeas corpus seeking a belated appeal, these petitions are actually not habeas corpus petitions. They are a new type of petition which replaces the old habeas corpus procedure for seeking belated appeal, much like rule 3.850 replaced habeas corpus at the trial court level.