731 So.2d 46 (1999)
Francesco ZAMBUTO, Appellant,
v.
STATE of Florida, Appellee.
No. 98-0179.
District Court of Appeal of Florida, Fourth District.
March 17, 1999.
Charles W. Musgrove, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Sarah B. Mayer, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Following his plea of guilty to attempting to obtain a controlled substance by fraud, Francesco Zambuto, the appellant, seeks to appeal the trial court's denial of his pre-trial motions seeking removal of his public defender and recusal of the trial judge. Despite Zambuto's attempts during the plea colloquy to reserve his right to appeal the rulings on these motions and the trial judge's statement to Zambuto that he "believe[d]" that Zambuto could reserve the right to appeal, we must dismiss this appeal.
Following a plea of guilty or nolo contendere, a defendant may "expressly reserve the right to appeal a prior dispositive order of the lower tribunal...." Fla. R.App. P. 9.140(b)(2)(A) (emphasis added); see also §§ 924.051(4), 924.06(3), Fla. Stat. (1997). An issue is legally dispositive "only if, regardless of whether the appellate court affirms or reverses the lower court's decision, there will be no trial of the case." Vaughn v. State, 711 So.2d 64, 65 (Fla. 1st DCA), review denied, 722 So.2d 195 (Fla. 1998). Neither of the rulings that Zambuto seeks to appeal is dispositive. See Duckworth v. State, 469 So.2d 913 (Fla. 1st DCA 1985)(holding that ruling on motion for recusal not dispositive). Accordingly, we dismiss the instant appeal. Such dismissal, however, is without prejudice to Zambuto's right to file a motion in the lower court seeking to withdraw his plea. See Carlisle v. State, 687 So.2d 929 (Fla. 4th DCA 1997).
DELL, STEVENSON and HAZOURI, JJ., concur.