788 So.2d 379 (2001)
Bryce LEVINE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-383.
District Court of Appeal of Florida, Fourth District.
June 20, 2001.
*380 Carey Haughwout, Public Defender, and Allen J. DeWeese, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Meredith L. Balo, Assistant Attorney General, Fort Lauderdale, for appellee.

ON MOTION FOR REHEARING
PER CURIAM.
We withdraw our previously issued opinion and substitute the following in its place.
Appellant, Bryce Levine, appeals from his convictions, pursuant to a no contest plea, for felony driving while license suspended (DWLS) (habitual offender) and resisting arrest without violence. Appellant contends that the trial court erred in denying his motion to dismiss where one of the predicate prior convictions upon which the trial court relied in declaring him a habitual offender was uncounseled. We conclude that the issue was not dispositive. Therefore, we dismiss this appeal.
As to appellant's first point on appeal, the argument is not preserved because it was not dispositive of the case below. An issue is preserved for appeal on a guilty plea only if it is dispositive of the case. See Fla.R.App.P. 9.140(b)(2)(A); Zambuto v. State, 731 So.2d 46 (Fla. 4th DCA 1999); see also Weber v. State, 492 So.2d 1166, 1167 (Fla. 4th DCA 1986). "An issue is legally dispositive `only if, regardless of whether the appellate court affirms or reverses the lower court's decision, there will be no trial of the case.'" Zambuto, 731 So.2d at 46 (quoting Vaughn v. State, 711 So.2d 64, 65 (Fla. 1st DCA 1998)).
In this case, the issue was not dispositive. The issue of appellant's prior convictions was raised in a motion to dismiss. As the trial court observed at the hearing on the motion, appellant had several withholds upon which his habitualization could have been based even if the challenged predicate offense was uncounseled. This court in State v. Keirn, 720 So.2d 1085, 1090 (Fla. 4th DCA 1998), held that a withheld adjudication could be considered a "conviction" under section 322.34, Florida Statutes (1995). See also Raulerson v. State, 763 So.2d 285 (Fla.2000)(agreeing with this court's interpretation of the term "conviction" as it is used in the DWLS statute). Because the state could have relied on appellant's withheld adjudications as a basis for habitualization, the issue of whether the subject predicate offense was uncounseled was not dispositive of the case and is not preserved on appeal.
Later, at the plea hearing, defense counsel told the judge that the issue was dispositive. There was no real acknowledgment of the attorney's assertion by the court.
We thus dismiss this appeal without prejudice to appellant seeking to withdraw his plea in postconviction proceedings. See Zambuto, 731 So.2d at 46. Because we dismiss his appeal, we do not address appellant's constitutional challenge to the DWLS statute.
Dismissed.
WARNER, C.J., FARMER and TAYLOR, JJ., concur.