790 So.2d 1164 (2001)
Alton HOBBS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-1333.
District Court of Appeal of Florida, Fourth District.
July 18, 2001.
*1165 Alton Hobbs, Jasper, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant, Alton Hobbs, appeals from the summary denial of his motion for post-conviction relief filed pursuant to rule 3.850, Florida Rules of Criminal Procedure.
In his 3.850 motion, Hobbs alleged that ineffective assistance of trial counsel had led him to enter nolo pleas to attempted second degree murder and robbery with a firearm. Hobbs alleged that his lawyer had erroneously led him to believe that he was reserving the right to appeal the trial court's denial of his motion to suppress evidence. In his second claim, he alleged that his lawyer had provided ineffective assistance in failing to preserve for appeal the legality of his adjudications for attempted second degree murder.
We find that the latter claim is refuted by the law upholding the legality and existence of this offense. See Brown v. State, 790 So.2d 389 (Fla.2000). This *1166 leaves appellant's first claim of ineffective assistance of trial counsel leading to an involuntary plea.
To demonstrate ineffective assistance of trial counsel, a movant must establish that (1) counsel made errors so serious that counsel is not functioning as guaranteed by the sixth amendment and (2) the deficient performance of counsel prejudiced the defense. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This test has been extended to allegations of ineffective assistance of counsel arising out of the plea process. See Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). In such cases, the "prejudice prong" of the Strickland test is satisfied by an allegation "that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." Id. at 59, 106 S.Ct. 366. It is not necessary to allege, in addition, that a defense existed to the charge. See Worden v. State, 688 So.2d 958 (Fla. 4th DCA 1997); see also Mason v. State, 742 So.2d 370 (Fla. 1st DCA 1999). We note apparent conflict with the Third and Fifth Districts on this latter point. See, e.g., Siegel v. State, 586 So.2d 1341 (Fla. 5th DCA 1991); Diaz v. State, 534 So.2d 817 (Fla. 3d DCA 1988).
We find appellant's first claim of ineffective assistance of trial counselthat his lawyer erroneously led him to believe he was reserving the right to appeal the denial of his motion to suppressto be legally and factually sufficient. See Helms v. State, 573 So.2d 116 (Fla. 2d DCA 1991). He alleged that counsel misled him to believe that he could later appeal the trial court's denial of his motion to suppress notwithstanding his nolo pleas which did not expressly reserve the issue of suppression. Appellant alleged that this ineffective assistance rendered his pleas involuntary as they were based on this erroneous impression and understanding.
We reverse and remand for attachment of portions of the record which conclusively refute Hobbs' claim, or for an evidentiary hearing thereon.
AFFIRMED in part, REVERSED in part, and REMANDED.
POLEN, C.J., DELL and STEVENSON, JJ., concur.