PER CURIAM.
In postconviction proceedings, the state stipulated and the trial court found that Robert E. Seaborne’s plea was involuntary in light of his counsel’s error in failing to reserve a dispositive suppression issue for appeal. However, rather than allowing Seaborne to withdraw his plea and plead anew, the decretal portion of the trial court’s order disposing of the motion for postconviction relief purports to grant Seaborne a belated appeal, thus giving rise to this proceeding. Appellant’s “notice of belated appeal” was filed within 30 days of rendition of the order on the motion for postconviction relief, but identifies the underlying April 1997 judgment and sentence as the matter being appealed. As it pertains to the judgment and sentence, we dismiss the appeal as untimely. Construing the notice of appeal as invoking our jurisdiction to review the order on appellant’s motion for postconviction relief, we reverse that order and remand with directions.
This court, not the trial court, has jurisdiction to grant a belated appeal. See Adams v. State, 734 So.2d 1086 (Fla. 1st *1245 DCA 1999). Moreover, the granting of a belated appeal is not the proper remedy in this situation. While Seaborne may have been precluded from raising the suppression issue as a consequence of his counsel’s oversight, a timely appeal from his original judgment and sentence was taken.[1] See Seaborne v. State, 734 So.2d 1064 (Fla. 1st DCA 1999).
Accordingly, while we find no error in the conclusion that Seaborne is entitled to some relief under the circumstances, we reverse the decretal portion of the trial court’s order on the motion for postconviction relief and remand for further proced-ings. On remand, the trial court shall afford Seaborne the opportunity to withdraw his plea and plead anew, whereupon appellant may properly reserve the suppression issue for appeal. In the event he elects to do so, appellant will then be free to appeal the judgment and sentence imposed pursuant to his new plea. See Fla. R.App. P. 9.140(b)(2)(A)®.
BOOTH, BENTON and BROWNING, JJ., concur.

. For this reason, we deny Seaborne’s request that this court grant him a belated appeal.