PER CURIAM.
Francisco Zambuto (the Defendant) appeals the trial court’s order imposing a lien against him for appellate attorney’s fees and costs and denying his alleged request for leave to file a motion to withdraw his guilty plea. The County conceded that the trial court erred in imposing a lien on the real and personal property of the Defendant, who is indigent. The Defendant also contends that the trial court erred when it failed to appoint counsel and when it denied his motion to withdraw his guilty plea. We agree that the trial court erred when it denied the Defendant’s motion to withdraw his guilty plea and, therefore, we reverse and remand.
The Defendant pled guilty to one count of attempting to obtain a controlled substance by fraud. The Defendant entered the guilty plea based on the trial court’s representation that the Defendant could reserve his right to appeal the trial court’s rulings on the Defendant’s pre-trial motions. This Court dismissed the Defendant’s appeal because the Defendant did not appeal a prior dispositive ruling of the trial court. See Zambuto v. State, 731 So.2d 46 (Fla. 4th DCA 1999). However, we dismissed the appeal without prejudice so as to allow the Defendant the right to file a motion to withdraw his plea in the lower court. Id.
The Defendant’s appellate attorney filed a motion for the assessment of attorney’s fees and costs. The Defendant filed a pro se response to the order, wherein he objected to the imposition of attorney’s fees and costs and he sought to withdraw his plea. The Defendant argued that the State breached the plea agreement by misleading him into believing he could reserve his right to appeal nondispositive rulings. The trial court, taking the Defendant’s response as a request for affirmative relief, denied the Defendant’s motion.
The Defendant filed this appeal and argues that the trial court erred. We agree. A fair reading of the Defendant’s responsive pleading leads us to believe that the Defendant sought to withdraw his plea.
A defendant is entitled to rely on the court’s statement that he can appeal when he agrees to enter into a plea, and the fact that he cannot appeal entitles him to withdraw his plea. See Carlisle v. State, 687 So.2d 929 (Fla. 4th DCA 1997); see also State v. Cowart, 761 So.2d 1100 (Fla.2000) (supreme court held that the defendant would have the right to withdraw his guilty plea upon remand when his plea was based on trial court’s erroneous indication that the Prison Releasee Reof-fender Punishment Act did not apply to him). Thus, on remand, the trial court should allow the Defendant to withdraw his guilty plea.
The Defendant also claims that the trial court erred in denying him the right to have counsel appointed in the trial court and the appellate court. “Neither the due process clause nor the equal protection clause requires appointment of counsel for preparation of motions for post-conviction relief by indigent prison *357 ers.” Elam v. State, 689 So.2d 1232, 1233 (Fla. 5th DCA 1997). In Elam, the trial court denied the indigent defendant’s motion to have counsel appointed for the purposes of post-conviction relief. In rejecting the defendant’s position, the court noted that the defendant provided “no case law holding that the state must provide counsel and expenses to indigent prisoners not under the sentence of death because it provides the same to indigent prisoners who are under sentence of death.” Id. at 1233. The Defendant in this case was not sentenced to death and was therefore not entitled to have counsel appointed for the preparation of his post-conviction motions for relief.
REVERSED AND REMANDED
GUNTHER, KLEIN and HAZOURI, JJ., concur.