822 So.2d 552 (2002)
James Michael HAWLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-3934.
District Court of Appeal of Florida, First District.
July 26, 2002.
*553 Appellant, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, for Appellee.
PER CURIAM.
James Michael Hawley appeals the summary denial of his motion for postconviction relief, asserting ineffective assistance of counsel rendered his plea unknowing and involuntary. See Fla. R.Crim. P. 3.850(a). We reverse and remand for an evidentiary hearing.
Appellant pleaded nolo contendere on November 20, 1996 to sexual battery, armed kidnaping, and grand theft auto. As part of a plea agreement, he specifically reserved for appeal two extensions of his speedy trial period, the denial of his motion to discharge, and the granting of the state's motions for continuance and consolidation. On direct appeal, this court affirmed the trial court's order extending for sixty days the time for trying appellant, and the denial of his motion for discharge, but we declined to decide whether the trial court erred in granting the state's motions for continuance, consolidation, or in extending the speedy trial period a second time; we concluded these issues were not dispositive because they were not preserved for review. See Hawley v. State, 702 So.2d 1357, 1358 (Fla. 1st DCA 1997). The mandate issued January 6, 1998.
In his motion for post-conviction relief, filed April 2, 1999, appellant claimed that his trial attorney rendered ineffective assistance of counsel by assuring him that all the issues identified in the plea agreement would be reviewed on appeal. This claim sufficiently alleges ineffective assistance of counsel. See Helms v. State, 573 So.2d 116, 117 (Fla. 2d DCA 1991) (holding that "the voluntariness of a plea can be undercut if the decision to plead is influenced by erroneous advice regarding the defendant's appellate rights."); see also Hobbs v. State, 790 So.2d 1164, 1166 (Fla. 4th DCA 2001) (stating that the appellant asserted a sufficient claim of ineffective assistance of counsel by alleging that his counsel had led him to believe that he could appeal an issue which had not been expressly reserved as part of his nolo plea); Levine v. State, 788 So.2d 379, 380 (Fla. 4th DCA 2001). "While it is certainly possible [appellant] appreciated that he risked dismissal or summary affirmance of his appeal, so is there the possibility that he reasonably relied upon poor advice from counsel." Helms, 573 So.2d at 116. Because the record attachments do not conclusively rebut appellant's claim, appellant is entitled to an evidentiary hearing. See id. at 116 ("[W]e believe that the extent of Helm's understanding is a matter best addressed at an evidentiary hearing.").
REVERSED and REMANDED.
ALLEN, C.J., and BENTON, J., concur; PADOVANO, J., dissents.
PADOVANO, J., dissenting.
The defendant's postconviction motion does not contain an adequate allegation of prejudice. See Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). For this reason, I respectfully dissent.