PER CURIAM.
Appellant, James Hawley, appeals from the trial court’s order denying his post-conviction claim under Florida Rule of Criminal Procedure 3.850, following an evi-dentiary hearing. Hawley contends the trial court erred in concluding that he failed to prove his trial counsel provided ineffective assistance, because the undisputed facts show that counsel advised him to enter a conditional plea of nolo conten-dere in which he reserved the right to appeal certain speedy-trial issues, yet counsel failed to preserve those issues for appeal. We affirm the trial court’s conclusion that Hawley failed to show that he was prejudiced by trial counsel’s affirmative misadvice.
Hawley entered into a negotiated plea of nolo contendere in which- he specifically reserved the right to appeal three orders of the trial court denying motions pertinent to his right to a speedy trial. This court affirmed his convictions in an opinion holding, in part, that Hawley did not preserve two of the three issues, because trial *866 counsel, had failed to file a notice of expiration of speedy trial time, and, thus, the unpreserved issues could not be considered dispositive of his case. Hawley v. State, 702 So.2d 1357 (Fla. 1st DCA 1997).
Hawley filed a 3.850 motion, claiming that his plea was involuntary, and that trial counsel had provided ineffective assistance by failing to preserve the issues for appeal, because Hawley had entered into the plea agreement with the understanding that he would have the right to appeal such issues. The trial court summarily denied the motion, but, on appeal from the order, this court, in Hawley v. State, 822 So.2d 552 (Fla. 1st DCA 2002), reversed and remanded the case for an evidentiary hearing, holding that Hawley had sufficiently alleged a prima facie ground for relief. See, e.g., Seaborne v. State, 789 So.2d 1244 (Fla. 1st DCA 2001); Levine v. State, 788 So.2d 379 (Fla. 4th DCA 2001) (on reh’g); Zambuto v. State, 731 So.2d 46 (Fla. 4th DCA 1999); Ashley v. State, 611 So.2d 617 (Fla. 2d DCA 1993); Helms v. State, 573 So.2d 116 (Fla. 2d DCA 1991).
On remand, the trial court considered whether Hawley was entitled to a new trial, because his plea was involuntary as a result of counsel’s misadvice. See Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (stating that the trial court must determine whether the defendant established that he was prejudiced by counsel’s misadvice, by proving there is a reasonable probability that, absent counsel’s erroneous assurances, he would not have pled and would have insisted on going to trial). To decide this, the trial court was required to evaluate the credibility of Hawley’s assertion that if he had been correctly made aware of his rights by counsel, he would have gone to trial rather than enter a plea of nolo. See Grosvenor v. State, 874 So.2d 1176 (Fla.2004).
Trial counsel George Yazgi disclosed at the evidentiary hearing that the state had submitted several plea offers which Hawley had declined, but that after trial commenced, Hawley’s co-defendant, Richard Lanier, reached a plea agreement with the state in which he agreed to testify against Hawley, whereupon Hawley, who was facing a possible sentence of 25 years to life in prison, immediately took the offer of 15 years’ incarceration, reserving the right to appeal the speedy-trial issues. Yazgi testified that he thought Hawley’s chances at trial were good only until Lanier flipped, at which point he recommended taking the plea offer. He said he believed he had preserved the speedy-trial issues for appeal. The trial court denied Haw-ley’s motion, finding that Hawley’s motive for entering into the plea agreement was to avoid trial once Lanier decided to testify against him, and that preservation of the speedy-trial issues was not an inducement in reaching his plea agreement.
'On review of ah order denying a 3.850 motion after an evidentiary hearing, this court must defer to the trial court’s factual findings so long as they are supported by competent substantial evidence (CSE). Nixon v. State, 857 So.2d 172, 175 n. 7 (Fla.2003), cert. granted, - U.S. -, 124 S.Ct. 1509, 158 L.Ed.2d 152 (2004). Hawley fails to show a lack of CSE for the trial court’s factual determination that he entered his plea freely and voluntarily for the purpose of avoiding a trial at which his co-defendant and the victim would testify against him, and that he would not have gone to trial if he had been aware that counsel had not preserved the speedy-trial issues for appeal.
AFFIRMED.
ERVIN, ALLEN and HAWKES, JJ., concur.