913 So.2d 1208 (2005)
Steven WHITSETT, Appellant,
v.
STATE of Florida, Appellee.
Nos. 4D03-1625, 4D03-1747.
District Court of Appeal of Florida, Fourth District.
October 19, 2005.
*1209 Carey Haughwout, Public Defender, and Ellen A. Griffin, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
Steven Whitsett appeals his conviction of armed escape from a civil commitment facility pursuant to section 394.927, Florida Statutes (2000), and his resulting twenty-year sentence. He challenges the constitutionality of the law under which he was convicted as violating the single subject requirement of article III, section 6 of the Florida Constitution. We hold that Chapter 99-222, Laws of Florida, of which the statute in question is a part, is constitutional under this clause. We also reject Whitsett's additional claim that the court erred in denying his motion to withdraw plea, and find that the remaining issue raised in this appeal was not preserved for review. We therefore affirm his conviction and sentence.
Whitsett was in custody at the Martin County Treatment Center, where he was being held as a pretrial civil detainee pending a jury determination of whether he qualified for commitment under the provisions of Chapter 394, Florida Statutes (2000), for involuntary commitment of sexually violent predators. Prior to his trial, Whitsett attempted to escape from the facility by helicopter and was subsequently apprehended. He was charged with armed escape from the civil facility.
At trial he filed a motion to declare sections 394.10 through 394.931, Florida Statutes, unconstitutional on various grounds but not as a violation of the single subject provision. After a jury in the civil proceeding determined that Whitsett should not be civilly committed as a sexually violent predator, the state filed a motion in limine to preclude him from introducing the jury verdict into evidence. The court granted the motion, finding that the jury determination was irrelevant to the *1210 issue of whether he escaped from lawful custody.
After multiple other preliminary motions, Whitsett entered a plea of no contest to the armed escape charge. The plea form stated that there was no agreement between the state and Whitsett as to any recommended sentence but that defendant reserved his right to appeal rulings on pretrial motions. In court Whitsett acknowledged to the judge that there was no agreement between the defense and the state as to what sentence to recommend to the court. Whitsett further acknowledged to the court that he faced a sentence of up to thirty years and that it would be up to the court to decide what sentence to impose.
However, immediately prior to sentencing, Whitsett moved to withdraw his plea, claiming that the state violated the plea agreement by requesting the thirty-year maximum, alleging that the prosecutor represented that he would recommend less time if Whitsett entered a plea. The trial court denied the motion and sentenced Whitsett to twenty years of imprisonment on the armed escape charge with a five-year concurrent sentence on a charge of possession of a firearm by a convicted felon. Whitsett appeals his conviction and sentence, challenging the facial constitutionality of the law under which he was convicted, Chapter 99-222, Laws of Florida, as violating the single subject provision of the Florida Constitution.[1]
Article III, section 6 of the Florida Constitution provides that "[e]very law shall embrace but one subject and matter properly connected therewith, and the subject shall be briefly expressed in the title." The supreme court has explained,
[T]he single subject clause contains three requirements. First, each law shall "embrace" only "one subject." Second, the law may include any matter that is "properly connected" with the subject. The third requirement, related to the first, is that the subject shall be "briefly expressed in the title." In State v. Thompson, 750 So.2d 643, 646 (Fla. 1999), this Court reaffirmed the purposes of the single subject provision:
(1) to prevent hodgepodge or "log rolling" legislation, i.e. putting two unrelated matters in one act; (2) to prevent surprise or fraud by means of provisions in bills of which the title gave no intimation, and which might therefore be overlooked and carelessly and unintentionally adopted; and (3) to fairly apprise the people of the subjects of legislation that are being considered, in order that they may have opportunity of being heard thereon.
Franklin v. State, 887 So.2d 1063, 1072 (Fla.2004) (internal citation omitted).
When reviewing legislation to determine whether the single subject rule was violated, the standard of review is highly deferential. Id. at 1073.
"Should any doubt exist that an act is in violation of art. III, sec. 16 of the Constitution, or of any constitutional provision, the presumption is in favor of constitutionality. To overcome the presumption, the invalidity must appear beyond reasonable doubt, for it must be assumed the legislature intended to enact a valid law. Therefore, the act must be construed, if fairly possible, as to avoid unconstitutionality and to remove grave doubts on that score."
*1211 Id. (footnote omitted) (quoting State ex rel. Flink v. Canova, 94 So.2d 181, 184-85 (Fla.1957)).
Franklin explained that the first step in determining whether legislation violates the single subject rule is to determine the single subject. Id. at 1074. Courts "start with the basic principle that `the subject is the one that is expressed in the title of the act.'" Id. (citation omitted). "For purposes of single subject analysis, every law published in the Laws of Florida has both a short title, i.e. `An act relating to ...,' and a full title, which begins with the chapter law number and ends with `providing an effective date,' and encompasses the short title." Id. In Franklin, the supreme court specifically held that "the single subject of an act is derived from the short title, i.e., the language immediately following the customary phrase `an act relating to' and preceding the indexing of the act's provisions." Id. at 1075. Examining Chapter 99-222 in light of this rule, the single subject of the law is "civil commitment of sexually violent predators." See Ch. 99-222, Laws of Fla.
The second step in single subject review requires an analysis of the provisions of the law to determine whether they are "properly connected" to this single subject. A provision is "properly connected" to the subject "(1) if the connection is natural or logical, or (2) if there is a reasonable explanation for how the provision is (a) necessary to the subject or (b) tends to make effective or promote the objects and purposes of legislation included in the subject." Id. at 1078.
Chapter 99-222 establishes the procedure for the civil commitment of sexually violent predators for their long-term care and treatment. Its provisions deal with the identification of such predators, the civil proceedings for determination of their status, and their treatment. When a prisoner who is to be released from custody has been identified as coming within the act's provisions, a petition may be filed to civilly commit the individual. Prior to a full trial, the court may determine that probable cause has been established to permit pretrial commitment of the individual. Section 22 of the act, now section 394.927(1), provides:
A person who is held in lawful custody pursuant to a judicial finding of probable cause under s. 394.915 or pursuant to a commitment as a sexually violent predator under s. 394.916 and who escapes or attempts to escape while in such custody commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
This is the statute Whitsett was charged with violating and which he now maintains does not deal with the single subject of the act, because it creates a new criminal offense. He claims that it is not naturally connected with the rest of the sections. We disagree, concluding that the second prong of the single subject analysis is clearly met in this case.
The object and purpose of the legislation is to protect the public from sexually violent predators. This is demonstrated by the legislature's findings that "the likelihood of sexually violent predators engaging in repeat acts of predatory sexual violence is high" and "[t]he existing involuntary commitment procedures under the Baker Act for the treatment and care of mentally ill persons are inadequate to address the risk these sexually violent predators pose to society." Ch. 99-222, § 3. Making it a crime for sexually violent predators to escape from their commitment promotes the purpose of this legislation through this additional measure to protect the public. Thus, section 22 is properly connected to the single subject of Chapter 99-222.
*1212 Whitsett contends that the mere fact that section 22 creates a new substantive crime in a civil commitment statute is sufficient to find it does not fall within the single subject of the legislation. Franklin disproves this assumption. There, the court considered a similar argument to a comprehensive sentencing reform law which included a provision expanding the substantive crime of burglary and thus its punishment. The court found that this section related to the subject of sentencing by making a sentence for that particular crime harsher. The court specifically stated that it did not find determinative that one section of this comprehensive sentencing reform amended the substantive criminal law.
In this case, the connection is much more direct than the connection the court approved in Franklin. An analysis of Chapter 99-222 under the test set forth in Franklin convincingly shows that the statute is constitutional under the single subject provision of the constitution. We therefore affirm Whitsett's conviction on this ground.
Whitsett also argues that the trial court erred when it denied his motion to withdraw his plea without holding an evidentiary hearing. Because Whitsett's allegation that the prosecutor breached a promise to recommend a lesser sentence is conclusively refuted by the plea agreement and colloquy, which the trial court recalled in denying the motion, his claim must fail. The court did not err in refusing to hold an evidentiary hearing on the motion. See Robinson v. State, 761 So.2d 269 (Fla. 1999).
Finally, Whitsett raises the issue of the trial court's granting of the state's motion in limine to exclude defense evidence. This issue is not preserved for appeal, because Whitsett pled to the charge. A defendant who pleads may only "reserve the right to appeal a prior dispositive order of the lower tribunal, identifying with particularity the point of law being reserved." Fla. R.App. P. 9.140(b)(2)(A)(i) (emphasis supplied). To be legally dispositive, an issue must dispose of the case so that there will be no trial, regardless of whether the appellate court affirms or reverses. See Levine v. State, 788 So.2d 379, 380 (Fla. 4th DCA 2001). The order on the motion in limine was not dispositive of the case, and defense counsel did not even designate it as one of the motions that he was reserving for appeal. The issue is not preserved.
For the foregoing reasons we affirm the conviction and sentence.
KLEIN and TAYLOR, JJ., concur.
NOTES
[1] Although Whitsett did not make a single subject challenge to the statute at trial, the state concedes that Whitsett can raise this issue for the first time on appeal. See State v. Johnson, 616 So.2d 1 (Fla.1993).