EVANDER, J.
Appellant challenges the trial court’s denial of his motion to withdraw plea. We affirm.
Appellant, his attorney, his mother, and the assistant state attorney executed a written plea agreement. The agreement *1259 reflected the recommended sanctions would be a judicial warning for six months, eight hours of juvenile detention center work detail, and court costs. However, the agreement also contained the following highlighted language:
The Juvenile and State Attorney understand that the following sentence (disposition) is a recommendation and is NOT BINDING on the Court, (emphasis in original)
After conducting a thorough plea colloquy, the trial judge accepted appellant’s plea.
During the disposition hearing, it became clear the trial judge was considering more severe sanctions than the sanctions recommended pursuant to the plea agreement. Appellant then moved to withdraw his plea on the grounds “that’s not what was bargained for.”
The withdrawal of a guilty or nolo contendere plea is not a matter of right, but is a question addressed to the sound discretion of the trial court. Cabrera v. State, 915 So.2d 727 (Fla. 5th DCA 2005). The instant plea agreement clearly reflected the trial court was not bound by the recommendation set forth therein. Appellant did not have a right to withdraw his plea solely because the imposed sanctions were not consistent with his expectations. Lepper v. State, 451 So.2d 1020 (Fla. 1st DCA 1984).
We find no abuse of discretion.
AFFIRMED.
GRIFFIN and PALMER, JJ., concur.