STEVENSON, J.
In this appeal from the summary denial of a motion for post-conviction relief under rule 3.850, we reverse in part and affirm in part.
Following the denial of his motion to suppress, Rodney White pled no contest to charges of resisting an officer with violence (count I), escape (count II), possession of ecstasy (count III), criminal mischief (count IV), and possession of marijuana (count V). White was sentenced to 26.54 years incarceration. Although a notice of appeal reflecting an intent to challenge the ruling on the motion to suppress was timely filed, White’s public defender subsequently voluntarily dismissed the appeal. Shortly thereafter, Wfliite filed a 3.850 motion, wherein he raised three claims of ineffective assistance of counsel: (1) counsel was eon-fused regarding the evidence to be suppressed; (2) counsel failed to adequately investigate prior to the suppression hearing and, had counsel done so, would have discovered evidence with which to assail the credibility of the officer who initiated the stop of the car White was driving; and (3) counsel advised White that the ruling on the motion to suppress was dis-positive of the case, the ruling would be reserved for appeal pursuant to his plea, and counsel was “absolutely certain” White would prevail on the matter before the trial court and, if necessary, on appeal. White’s motion was accompanied by excerpts of the hearing on the motion to suppress and a computer print-out. The trial court summarily denied the same without ordering a response from the State and without attaching any portions of the record to conclusively refute White’s claims.
We find no error in the summary denial of claims (1) and (2). White is not entitled to any relief with respect to the first claim because the transcript excerpts attached to White’s own motion refute the factual basis for the claim. See Peede v. State, 748 So.2d 253, 257 (Fla.1999) (stating that summary denial can be affirmed where claim is conclusively refuted by record or facially invalid). And, even if, as White claims, the drugs were found on his person during a search incident to his arrest for *390 resisting an officer with violence, they would not have been subject to suppression as a defendant may not resist an officer with violence even if the arrest is without probable cause. See, e.g., State v. Roy, 944 So.2d 403 (Fla. 3d DCA 2006). As for the second claim, White simply cannot demonstrate the required prejudice.
White’s third claim, though, is another matter. The gist of White’s complaint here is that his trial counsel told him that he would have the right to appeal the ruling on the motion to suppress, that this turned out not to be the case because the ruling was not dispositive prompting the voluntary dismissal of his appeal, and that he would not have entered the plea had he known he would be unable to appeal. Here, any ruling on the motion to suppress could not have been dispositive because, at a minimum, count I (resisting an officer with violence) would be unaffected. See Armas v. State, 947 So.2d 675, 678 n. 5 (Fla. 2d DCA 2007). Thus, if, in fact, White entered a plea conditioned on his right to appeal the ruling on the motion to suppress, then his plea was the product of misadvice of counsel and such misadvice constitutes a legally sufficient basis for 3.850 relief. Neither White’s claims regarding the “appealability” of the ruling on the motion to suppress nor his claims regarding his counsel’s assurances of success are refuted by the record. Thus, as conceded by the State in response to our show cause order, the summary denial of White’s third claim must be reversed and the matter reversed for either the attachment of portions of the record conclusively refuting White’s claim or an evidentiary hearing. See, e.g., Hawley v. State, 822 So.2d 552, 553 (Fla. 1st DCA 2002) (reversing summary denial of rule 3.850 motion where defendant claimed counsel was ineffective by assuring him several court rulings were appealable following his plea, appellate court refused to address some of rulings on ground that they were not dis-positive, and record did not refute defendant’s claims of such assurances on the part of counsel).
SHAHOOD, C.J., and WARNER, J., concur.