MARSTILLER, J.
Appellee pled guilty in March 2011 to two counts of DUI manslaughter and was sentenced to concurrent terms of 242.25 months, or 20.2 years, in prison. This is the second appeal in this court involving Appellee’s effort to withdraw his plea. In Yeomans v. State, 96 So.3d 892 (Fla. 1st DCA 2012), we affirmed per curiam the denial of his June 13, 2011, motion filed under Florida Rule of Criminal Procedure 3.170((), in which Appellee claimed his plea was involuntary because his attorney told him he could get a non-state prison downward departure sentence, but never explained that with no departure the minimum sentence reflected by the sentencing scoresheet was 20 years. At issue in this *1007 appeal is whether the circuit court correctly granted Appellee’s post-conviction motion, filed under Florida Rule of Criminal Procedure 3.850, allowing him to withdraw his guilty plea because the plea was based on the failure of his attorney and the trial court to advise him he was subject to a four-year mandatory minimum sentence. Concluding, as did the circuit court, that Appellee’s plea was involuntary, we affirm.
Appellee’s rule 3.850 motion, filed September 16, 2013, asserted two grounds for seeking relief from judgment. First, Ap-pellee alleged defense counsel affirmatively misadvised him by telling him he could receive a non-state prison departure sentence when, in fact, DUI manslaughter carries a four-year mandatory minimum prison sentence. This incorrect advice led him to forgo trial and plead guilty, which he would not have done had he been correctly advised on the consequences of the plea. Second, Appellee alleged the plea colloquy the trial court conducted was insufficient because the court failed to determine whether he knew of the four-year mandatory minimum for DUI manslaughter, and that had he been made aware, he would not have agreed to enter the open guilty plea.[1]
Testimony given at the hearing on Ap-pellee’s motion established that (1) defense counsel encouraged Appellee to plead straight up to the court, telling him he stood a good chance of getting a downward departure sentence of non-state prison sanctions; (2) defense counsel, the prosecutor and the trial court apparently were completely unaware of the four-year mandatory minimum for DUI manslaughter; thus, the subject did not come up during Appellee’s plea colloquy or at sentencing; (3) defense counsel’s advice that Appellee plead guilty and seek a non-state prison departure sentence was based on counsel’s error about the four-year mandatory minimum; and (4) Appellee was fully advised on the 242-month scoresheet minimum sentence and the 30-year statutory maximum sentence. Appellee testified he would not have entered the open guilty plea, but would have gone to trial, had he been aware he would be subject to a four-year mandatory minimum sentence. At sentencing, defense counsel did present mitigating evidence and argue for a downward departure, but the court, unpersuaded, sentenced Appellee to the 242-month scoresheet minimum prison term, with no mandatory minimum imposed.
The post-conviction court found defense counsel had misadvised Appellee on the law, and Appellee’s guilty plea was based on a misunderstanding or misapprehension of the consequences of the plea. The court concluded the plea therefore was not knowingly and voluntarily entered, and the attorney’s mistaken advice deprived Appel-lee of his constitutional right to a trial. The court also concluded the plea colloquy failed to satisfy the requirement in rule 3.172(c)(1) that a court must ensure the defendant entering a plea understands any mandatory minimum penalty provided by law. Further, the deficiency prejudiced Appellee in light of defense counsel’s error. The court therefore granted Appel-lee’s motion, and deemed him entitled to withdraw his guilty plea and enter a new plea.
Finding the circuit court’s factual findings supported by competent, substantial evidence, see Hawley v. State, 877 So.2d 865, 866 (Fla. 1st DCA 2004), we consider the court’s conclusions of law de novo, see Stephens v. State, 975 So.2d 405, 413 (Fla.2007).
*1008 First, the effect of defense counsel’s mistaken advice. In Brazeail v. State, we explained why a defendant may be entitled to withdraw a plea that was based on incorrect legal advice on the ramifications of the plea:
Separate and apart from any Sixth Amendment [ineffective assistance of counsel] considerations ... [is] the requirement that pleas be voluntarily and knowingly entered. The law of Florida has long recognized that a plea of guilty or nolo contendere may be vacated when the defendant has entered his plea as a result of mistaken advice by defense counsel as to the consequences of a plea. See, e.g., Brown v. State, 92 Fla. 592, 109 So. 627 (1926); Crosby v. State, 97 So.2d 181 (Fla.1957); Brown v. State, 245 So.2d 41 (Fla.1971); Costello v. State, 260 So.2d 198 (Fla.1972); Thompson v. State, 351 So.2d 701 (Fla.1977); State v. Leroux, 689 So.2d 235 (Fla.1996); Banks v. State, 136 So.2d 25 (Fla. 1st DCA 1962); Eccleston v. State, 706 So.2d 368 (Fla. 1st DCA 1998). These decisions were not founded on a theory of ineffectiveness of counsel.... The issue under the Florida decisions is not whether the defense counsel has blundered in some manner. The issue is instead whether the plea was entered because of mistaken information given to the defendant regarding the consequences of his plea, regardless of the source of the misinformation .... [T]he Florida cases recognize prejudice in these circumstances simply because a defendant has been depnved of his constitutional right to a trial.
821 So.2d 364, 366-67 (Fla. 1st DCA 2002) (emphasis added).
Appellee testified he pled guilty to the charged offenses because his attorney told him doing so would pave the way to seek a non-state prison downward departure sentence. But'the trial court could not have entered such a lenient sentence without the State’s waiver because, under section 316.193(3), Florida Statutes (2009), “A person who is convicted of DUI manslaughter shall be sentenced to a mandatory minimum term of imprisonment of 4 years.” See State v. Schumacher, 99 So.3d 632, 633 (Fla. 1st DCA 2012) (holding sentence of two years’ community control followed by eight years’ probation for DUI manslaughter was an illegal sentence in light of four-year mandatory minimum under section 316.193(3)); see also State v. Vanderhoff, 14 So.3d 1185, 1189 (Fla. 5th DCA 2009) (stating only the State Attorney has authority to waive a mandatory minimum sentence). The State asserts that the prosecutor waived the mandatory minimum by not bringing it up during sentencing. We reject the assertion; for it is clear from the record the prosecutor was as unaware of the mandatory minimum as were defense counsel and the trial court. Cf. Vanderhoff, 14 So.3d at 1189 (declining to find intentional waiver of mandatory minimum under 10/20/Life statute where prosecutor misadvised trial court that it could impose a lesser downward departure sentence). The bottom line is Appellee was not told that, even if he were to plead guilty and the court showed leniency, he still would have to serve at least four years in prison. He yielded his right to trial and pled guilty based on incorrect information from his attorney. The plea therefore was not voluntarily and knowingly entered, and Appellee is entitled to withdraw it. Bra-zeail.
Next, the effect of the inadequate plea colloquy. The Florida Rules of Criminal Procedure require the trial court, “when determining voluntariness” of a plea, to ensure the defendant understands, inter alia, “the nature of the charge to which the plea is offered, the maximum possible penalty, and any mandatory minimum penalty provided by law[.]” Fla. R. *1009 Crim. P. 3.172(c)(1). The trial court here failed to mention the DUI manslaughter four-year mandatory minimum when it conducted Appellee’s plea colloquy. To justify voiding the plea on this basis, however, the court’s omission must have prejudiced Appellee. See Fla. R. Crim. P. 3.172(j). Had defense counsel told Appel-lee about the mandatory minimum sentence and not put forth the possibility of a non-state prison sanction, we may have been able to conclude Appellee was not prejudiced by the court’s error because he was fully aware of the all the consequences of making the plea. See, e.g., State v. Luders, 768 So.2d 440, 441 (Fla.2000) (holding defendant “was not prejudiced by the trial court’s failure to advise him of the immigration consequences of entering his plea because [the defendant’s] defense counsel advised him thereof[.]”). But Ap-pellee entered his plea with no knowledge of the applicable mandatory minimum term. Failure to advise a defendant of the direct consequences of entering a plea “prohibits [him or her] from rendering a truly voluntary and knowledgeable waiver of the constitutional rights inherent in the plea arrangement.” State v. Green, 421 So.2d 508, 509 (Fla.1982) (citations omitted). Having entered an involuntary guilty plea, Appellee is entitled to withdraw it. See Howard v. State, 762 So.2d 995, 996 (Fla. 3d DCA 2000) (reversing conviction and allowing appellant to withdraw guilty plea because court’s failure to advise of mandatory minimum sentence during plea colloquy rendered plea involuntary); Thornton v. State, 747 So.2d 439, 441 (Fla. 4th DCA 1999) (reversing denial of motion to withdraw open guilty plea where trial court did not advise appellant of applicable three-year mandatory minimum term if court sentenced 17-year-old appellant as an adult).
For the foregoing reasons, we AFFIRM the order granting Appellee’s motion for post-conviction relief.
WOLF and LEWIS, JJ., concur.

. Relying on Kessell v. State, 96 So.3d 1031, 1033 (Fla. 4th DCA 2012), the circuit court ruled this claim is “truly distinct" from Appel-lee's earlier claim in his 2011 motion to withdraw plea. The State does not challenge the ruling in this appeal.