# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-3076
_____

JONATHAN MARK VITO,

   Appellant,

   v.

STATE OF FLORIDA,

   Appellee.

_____

On appeal from the Circuit Court for Escambia County.
John L. Miller, Judge.

May 21, 2019

PER CURIAM.

   After Jonathan Vito pleaded guilty to robbery and his sentence was imposed, he filed a motion to withdraw his plea, which the trial court denied. He now appeals, asserting—for the first time—that the trial court failed to make on-the-record determinations of certain required factors regarding his entry of the plea. We affirm.

I.

   Vito was charged with robbery with a firearm, but pleaded guilty to robbery without a weapon, which would subject him to a

maximum twenty-year sentence by the trial court.[1] At a hearing, Vito swore that he read and signed the written plea agreement, understood all the rights he was giving up by entering the plea, was entering the plea freely and voluntarily, was not coerced, and was satisfied with his counsel's performance. The trial court accepted Vito's plea. At the sentencing hearing more than four months later, Vito presented testimony of his reduced intellectual functioning, history of substance abuse, and need for treatment. Vito's counsel requested eighteen months plus treatment, but the trial court imposed a sentence of fifteen years.

Vito then filed a pro se motion to withdraw plea, asserting that he entered his plea "upon advice of counsel and with the understanding that he would infact [sic] receive drug treatment without being adjudicated to the Department of Correction[s]."

The trial court appointed conflict-free counsel and held a hearing, where Vito testified that his counsel advised him that he was unlikely to receive more than five to seven years in prison. Vito added that he "really didn't understand" the plea agreement when he signed it because he doesn't read well, though he acknowledged what he had told the trial court at the time. Asked if he remembered telling the judge what rights he was giving up, he stated, "Yeah, but I didn't understand the principle of, you know, the important part of it." Vito then conceded that he knew he could receive twenty years in prison before he entered the plea and that his counsel never promised that he would receive treatment or any specific sentence. Asked once more if he understood the plea agreement he signed, Vito stated, "I want to say no because I thought I was going to get treatment. I thought I was going to get help." The trial court denied the motion, finding that Vito was never promised treatment contrary to his assertion in his motion, he understood the plea agreement and what he could be sentenced to, and he simply hoped for a lighter sentence.

---

[1] Vito was a habitual felony offender subject to a thirty-year maximum sentence for robbery without a weapon, *see* §§ 812.13(2)(c), 775.084(4)(a)2., Fla. Stat., but the state agreed to a sentencing cap of twenty years.

## II.

"In order to show cause why the plea should be withdrawn, mere allegations are not enough; the defense must offer proof that the plea was not voluntarily and intelligently entered." *Robinson v. State,* 761 So. 2d 269, 274 (Fla. 1999). This "burden rests on the defendant to show the trial court abused its discretion in denying the defendant's motion." *Id.*

On appeal, Vito argues that he entered the plea involuntarily.[2] Specifically, he argues that the trial court failed to determine on the record that he understood the rights waived by (and potential consequences of) entering a guilty plea, as required by Florida Rule of Criminal Procedure 3.172(c).[3] Without doubt, the trial court did not review each factor enumerated in Rule 3.172(c) in its colloquy with Vito.

We agree with the state that Vito did not preserve this argument. The sole contention in Vito's motion was that he was misadvised as to the sentence he would receive, but at the hearing he conceded that counsel did not promise any specific sentence and that he understood the full range of sentences that could be imposed.[4] He asserts that he preserved his argument as to the Rule 3.172 factors based on his statement at the hearing that he "didn't understand the principle of it, you know, the

---

[2] A defendant who pleads guilty or no contest may appeal an involuntary plea if preserved by a motion to withdraw plea. *See* Fla. R. Crim. P. 3.170(*l*); Fla. R. App. P. 9.140(b)(2)(A)(ii)c.

[3] "[T]he trial judge must, when determining voluntariness, place the defendant under oath, address the defendant personally, and determine on the record that he or she understands" numerous factors, such as the defendant's rights to trial by jury and representation, and the terms and effect of the plea agreement. Fla. R. Crim. P. 3.172(c).

[4] The trial court properly rejected this argument. *See J.A.N. v. State*, 947 So. 2d 1258, 1259 (Fla. 5th DCA 2007) ("Appellant did not have a right to withdraw his plea solely because the imposed sanctions were not consistent with his expectations.").

3

important part of it" when the state reminded him that he swore that he understood the rights he was waiving. We find this statement insufficient to preserve for appeal the argument that Vito did not undersand some right or consequence of his plea under Rule 3.172(c).

Even if this statement could be stretched to satisfy the preservation requirement, "[f]ailure to follow any of the procedures in this rule shall not render a plea void absent a showing of prejudice." Fla. R. Crim. P. 3.172(j). Vito cannot show prejudice because he has given no indication of any factor included in Rule 3.172 that he was unaware of or that would have affected his decision to enter the plea. *Cf. State v. Yeomans*, 172 So. 3d 1006, 1009 (Fla. 1st DCA 2015) (finding that the trial court's failure to discuss the mandatory minimum sentence prejudiced the appellant where counsel affirmatively misadvised him on that point and he would not have entered the plea otherwise). Rather, it appears that Vito simply regretted entering the plea after the trial court imposed a substantial prison sentence.

## III.

Vito failed to show that he entered his plea involuntarily following his post-sentencing motion to withdraw his plea, which alleged that he was misadvised as to his potential sentence. He abandoned that argument on appeal, and put forth an argument pointing out the trial court's noncompliance with Rule 3.172, but this argument was unpreserved and failed to demonstrate prejudice.

AFFIRMED.

B.L. THOMAS, C.J., and RAY and WINOKUR, JJ., concur.

––––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––––

4

Andy Thomas, Public Defender, and Lori A. Willner, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Tabitha Herrera, Assistant Attorney General, Tallahassee, for Appellee.