PER CURIAM.
Appellant seeks review of the trial court’s order summarily denying his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. Appellant raises several points on appeal, only one of which has merit. Appellant contended he was denied effective assistance of counsel in that his trial counsel had not expended the effort to verify an adjudication of his client’s incompetency in North Carolina. If the allegations are true, appellant might be entitled to post-conviction relief. The trial court, however, failed to conduct an eviden-tiary hearing or to attach a portion of the record which conclusively refutes appellant’s allegations.
Accordingly, we reverse the trial court’s denial of appellant’s motion and remand the case to the trial court. On remand, the trial court may either again summarily deny the motion and attach to its orders^ those portions of the record which conclusively show that appellant is not entitled to relief or hold an evidentiary hearing and then rule on the allegations raised in appellant’s motion. See Fla.Crim.P. 3.850; Hatpin v. State, 428 So.2d 703 (Fla. 2d DCA 1983); Jones v. State, 421 So.2d 55 (Fla. 2d DCA 1982). To obtain further review in this cause, either aggrieved party must appeal the new ruling of the trial court.
OTT, A.C.J., and CAMPBELL and HALL, JJ., concur.