PER CURIAM.
Defendant appeals the summary denial of his motion for post-conviction relief. We reverse.
Defendant was convicted of aggravated battery with a firearm, battery, and resisting arrest without violence. The convictions were affirmed without opinion. Orr v. State, 436 So.2d 111 (Fla. 2d DCA 1983). After his appeal defendant filed the motion for post-conviction relief. Principal among his allegations was the contention to the effect that trial counsel was ineffective due to his failure to investigate defendant’s past history of mental infirmities and treatment. According to defendant, this information, if duly investigated and presented at trial, would have benefited his defense.
Upon receipt of defendant’s motion the trial court ordered a response from the State. An Assistant State Attorney argued without elaboration that defendant’s complaints were based upon legitimate trial strategy and that defendant had not established entitlement to relief. The trial court entered an order denying the motion without a hearing, and defendant appealed pursuant to Florida Rule of Appellate Procedure 9.140(g). We remanded the case to the trial court. Orr v. State, 467 So.2d 1117 (Fla. 2d DCA 1985). Specifically, we directed the trial court either to hold a hearing or to attach to his order sufficient portions of the record to support the summary denial of defendant’s motion. Our directive should be construed as being lim *526 ited to the issue of counsel s alleged failure to investigate defendant’s history of mental illness; in all other respects we agreed with the trial court that the motion failed to allege grounds for relief.
On remand the trial court again ordered a response from the State. The response was identical to that initially submitted, and the trial court then entered another order ruling that defendant’s motion contained “insufficient allegations concerning assistance of counsel.” The court neither conducted a hearing nor attached to his order additional record excerpts. This second order did not adequately address the directive of our previous opinion. We again remand to the trial court with directions either to afford defendant a hearing on the issue of trial counsel’s effectiveness or to attach sufficient portions of the record to refute defendant’s claim conclusively. In the event the trial court again denies the motion defendant must file notice of appeal within thirty days to obtain further appellate review.
Reversed.
SCHOONOVER, A.C.J., and LEHAN and HALL, JJ., concur.