PER CURIAM.
Carter appeals the trial court’s order denying his rule 3.850 motion to vacate a judgment of convictions and sentences without a hearing. On the facts presented, an evidentiary hearing should have been conducted.
After we affirmed the convictions and sentences, Carter v. State, 550 So.2d 1130 (Fla. 3d DCA 1989), rev. denied, 553 So.2d 1164 (Fla.1989), the appellant filed a motion to vacate the judgment and sentences on the ground of ineffective assistance of counsel. He alleged that his counsel was ineffective in failing to present an insanity defense and in failing to file a motion to discharge based on the speedy trial rule.
Carter contended that his attorney failed to provide three court-appointed psychologists with information the doctors needed to determine whether Carter was sane at the time he committed the offenses. Specifically, Carter alleged that the doctors were never provided with medical records detailing his hospitalization on three previous occasions for a variety of mental disorders which would have supported an insanity defense. Reports of the three psychologists were filed in support of the motion for post-conviction relief. Two of the doctors indicated that more information regarding Carter’s mental health history would have enabled them to make a more accurate decision as to whether Carter was insane at the time of the offenses.
*1097 A movant is entitled to an evidentia-ry hearing on a motion for post-conviction relief unless the motion and the record conclusively show that the movant is not entitled to the relief sought. Harich v. State, 484 So.2d 1239 (Fla.1986). When a defendant alleges sufficient facts to establish. ineffective assistance of counsel due to an attorney’s failure to raise an insanity defense, an evidentiary hearing is required. See Boutwell v. State, 563 So.2d 798 (Fla. 1st DCA 1990); Myers v. State, 539 So.2d 525 (Fla. 1st DCA 1989); Orr v. State, 467 So.2d 1117 (Fla. 2d DCA 1985). In response to Carter’s motion, the State argues that an evidentiary hearing was not necessary because the doctors’ reports, indicating that Carter was legally sane when he committed the offenses, conclusively rebutted Carter’s claim that his attorney was ineffective for failing to raise an insanity defense.
Carter specifically alleged in his 3.850 motion that he informed his attorney prior to trial that he had previously been hospitalized for mental illness, and that his attorney failed to follow-up on the details of this information. When apprised of Carter’s history of hospitalization for psychiatric problems, two of the three court-appointed doctors indicated in their reports that they needed more information in order to determine if he was insane at the time of the offenses. We cannot agree, therefore, that the early reports of the three court-appointed psychologists conclusively refuted Carter’s claim that his counsel was ineffective in failing to pursue an insanity defense.
Reversed and remanded for an evidentia-ry hearing.