PER CURIAM.
Phillip Kessell appeals the summary denial of a rule 3.850 motion, in which he sought to withdraw a plea based on ineffective assistance of counsel. We find no error in denying the motion and affirm.
Kessell was charged with count I, attempted first degree murder with a weapon; count II, aggravated battery with a deadly weapon; count III, kidnapping; count IV, aggravated battery causing great bodily harm; count V, perpetrating a felony causing bodily injury; and count VI, sexual battery with great force. Kessell attacked an ex-girlfriend as she was re *1032 turning home. He hit her in the head with a hammer causing severe injury. He then walked to his house, got his truck, and drove her some distance to a construction site where he sexually battered her. Kes-sell was later found with some self-inflicted wounds on his wrists and neck.
He entered a negotiated plea, pleading no contest to counts I and III, and the state dropped the remaining counts.
Before the plea, he was evaluated by three doctors. Two found him sane as to all counts. The third, Dr. Riordan, found him insane as to all counts except kidnapping. Dr. Riordan did not have the amended information that charged the sexual battery.
At the sentencing hearing, Kessell received concurrent terms of life in prison.
He moved to withdraw his plea under rule 3.170(i), Florida Rules of Criminal Procedure, raising several claims. Following an evidentiary hearing, he filed two amended motions alleging in part that his attorney did not advise him of Dr. Rior-dan’s report and misadvised him regarding an insanity defense.
The trial court held another evidentiary hearing, and Riordan testified. As Rior-dan recalled the facts at the time of the evidentiary hearing, he thought that the kidnapping occurred before the assaultive behavior and that there were two distinct time periods, and from his recollection, this was why he thought defendant was sane as to the kidnapping and insane as to the other original charges. Riordan agreed that his opinion might have changed if he had known that the kidnapping occurred after the attempted murder. It appeared that his recollection at the hearing was not based on anything in his report. Both the police report that Rior-dan considered during his evaluation and Kessell’s statements to Riordan recounting the events indicated that the kidnapping occurred after the attempted murder. Riordan eventually acknowledged that it appeared he knew this when he formulated his opinion and conceded at the evidentiary hearing that he was unable to reconstruct exactly what his thinking was at the time.
Defense counsel testified at the hearing that he had discussed strategies with Kes-sell a number of times. Counsel reviewed the insanity defense in detail with him and discussed the doctors’ reports. Counsel was not confident in Riordan’s report, and he did not think that Kessell had a viable insanity defense.
Following this hearing the trial court entered a detailed order denying the 3.170(¿) motion. On direct appeal, Kessell argued in part that the court erred in denying the motion to withdraw plea on the grounds that defense counsel misad-vised him about a potential insanity defense. We affirmed the denial of the motion. Kessell v. State, 30 So.3d 508 (Fla. 4th DCA 2010).
In this rule 3.850 motion Kessell raised related claims alleging that defense counsel provided ineffective assistance in failing to investigate and present an insanity defense and in misadvising him that he was essentially defenseless and should throw himself on the mercy of the court. Kessell complained that counsel did not investigate Riordan’s conclusions, and he suggested that if Riordan had not mistakenly believed that the kidnapping occurred first, he would have found Kessell insane as to all counts. Following his conviction, Kessell was evaluated by a forensic psychologist, Dr. Chacko, who would testify that Kessell was insane as to all counts. Kessell alleged that but for counsel’s mis-advice and his failure to investigate, he would not have entered the plea and would have proceeded to trial with an insanity defense.
*1033 The trial court denied the rule 3.850 motion, agreeing with the state that these claims were procedurally barred because they were denied in the 3.170(i) motion and affirmed on appeal.
Much of the information upon which Kessell relies in his 3.850 motion was elicited in the 3.170(0 proceedings and was considered by this court on direct appeal. The attorney who filed this 3.850 motion and the initial brief in this appeal is the same attorney who represented Kessell on the 3.170(0 motion and on the direct appeal. Contrary to the arguments on appeal in this case, the claims raised in the 3.850 motion are not truly distinct. Whether Kessell’s plea was involuntary because he received misadvice about a possible insanity defense is another way of stating the claim in this motion that the plea was involuntary because counsel did not investigate whether he had a viable insanity defense. The issues raised in this motion were addressed at hearings on the 3.170(i) motion and amended motions. Based on the testimony at the evidentiary hearings, trial counsel discussed the evaluations and insanity defense with Kessell.
At the hearing Riordan acknowledged that he was confused about the timeline and agreed this might affect his opinion, but he did not change his opinion at the hearing and simply said that if there were new facts he would have to reconsider. Whether he would change his opinion is speculative. “Postconviction relief cannot be based on speculative assertions.” Jones v. State, 845 So.2d 55, 64 (Fla.2003). Based on the gap in time between the assault and the kidnapping and the relocation of the victim, Riordan could still find that Kessell was insane as to the initial attack, but sane at the time of the kidnapping.
Given the circumstances, Kessell has not shown that his trial counsel was deficient. Even if counsel knew that Riordan was mistaken about the timing of the events and this may have contributed to his opinion, this does not show that Kessell had a viable insanity defense or that counsel was deficient in failing to conduct further investigation or request another evaluation. There was no showing that Riordan would in fact change his opinion. Defense counsel was aware that there was some basis for raising an insanity defense, and he discussed the issue with Kessell. There is no dispute that Kessell committed the attempted murder and kidnapping, and two experts would testify that he was sane the entire time. Based on the facts and the experts’ opinions, counsel concluded an insanity defense was weak and explained this to Kessell.
Kessell knew about the possible insanity defense when he entered the plea. He was satisfied with his attorney at the time, and he did not indicate that he wanted counsel to conduct further investigation or request another evaluation. See Gidney v. State, 925 So.2d 1076, 1076-77 (Fla. 4th DCA 2006) (holding a defendant cannot use a 3.850 motion to go behind a plea to raise issues that were known to defendant at the time of the plea).
Even if we agreed that the motions raised distinct issues and the claims in this motion are not procedurally barred, Kessell cannot show deficient performance. See Strickland v. Washington, 466 U.S. 668, 697, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (explaining that “there is no reason for a court deciding an ineffective assistance claim to ... address both components of the inquiry if the defendant makes an insufficient showing on one”). Defense counsel and Kessell were aware when he entered the plea that there was some support for an insanity defense, but at least two experts would have disagreed. Unlike in Carter v. State, 590 So.2d 1096 *1034 (Fla. 3d DCA 1991), Kessell has no basis to question the findings of the two experts who concluded he was sane or any reason to believe they might change their opinions. This is not a situation where a defendant did not know of the existence of a possible defense. Considering the facts of the case and the opinions of the other experts, counsel was not deficient in opining that Kessell’s best chance to avoid a life sentence was through the negotiated plea.
Accordingly, we affirm the denial of Kessell’s rule 8.850 motion.
MAY, C.J., WARNER and STEVENSON, JJ., concur.