COHEN, J.
Phillip Martin Baker timely appeals from the order denying his rule 3.850 motion. We agree with Baker that the motion is not procedurally barred and reverse.
In 2010, Baker was charged with felony driving under the influence (“DUI”) for a third DUI violation within ten years after a prior DUI conviction. See § 316.193(2)(b), Fla. Stat. (2010). Baker entered a plea of nolo contendere to the lesser included offense of misdemeanor DUI, in violation of section 316.193(2)(a), Florida Statutes, and was sentenced to twelve months’ probation.
In negotiating the plea, the State and Baker apparently agreed that Baker’s driver’s license would be revoked for one year. After Baker was sentenced, he discovered that he was, in fact, subject to a ten-year license revocation. Upon learning this, Baker, with the benefit of trial counsel, moved to withdraw his plea pursuant to Florida Rule of Criminal Procedure 3.170(0, arguing that the State failed to honor the plea agreement. The State claimed there was no manifest injustice *1083 because Baker was advised of the consequences of his decision, as well as the immediate impact to his driver’s license. The State further submitted that Baker’s plea was voluntary and the driver’s license revocation was a collateral consequence of the plea. The trial court denied Baker’s motion, finding that the license revocation was not a punishment but a collateral consequence. Baker did not directly appeal his judgment and sentence.
In September 2012, Baker, with the benefit of new counsel, filed the motion at issue and alleged trial counsel was ineffective for misadvising him about the consequences of accepting the State’s plea agreement. Baker claimed trial counsel advised him that as a result of the plea, he would be sentenced to ten days in jail, have his license revoked for one year, and be put on misdemeanor probation. Trial counsel also allegedly advised the Department of Highway Safety and Motor Vehicles (“DHSMV”) would permit Baker to immediately receive a license restricted to business purposes only. Baker asserted that when he went to DHSMV to obtain said license, he was informed he was not eligible to receive it for two years or a standard driver’s license for ten years. Baker argued he would not have entered the plea had counsel correctly advised him, as the State’s evidence against him was weak.
The trial court denied, the rule 8.850 motion, finding that the issue of the length of the suspension was fully adjudicated in its order denying Baker’s rule 3.170 motion. The court concluded that Baker’s proper avenue of relief would have been to appeal that order and that relitigation was not available through a rule 3.850 motion.
On appeal, Baker contends the claim in his rule 3.850 motion is different than the claim presented in his rule 3.170 motion and, therefore, is not procedurally barred. Baker alleges in the instant motion, for the first time, that trial counsel was ineffective when he mistakenly believed DHSMV was required to follow the State’s agreement of a one-year license revocation. Baker claims that, but for this misadvice, he would not have entered the plea.
The State counters that Baker should have raised his current claim on direct appeal from the trial court’s denial of his rule 3.170 motion, and his failure to do so constitutes a procedural bar. The State cites Kessell v. State, 96 So.3d 1031 (Fla. 4th DCA 2012), for support; however, Kes-sell is distinguishable and therefore inapplicable.
In Kessell, the defendant questioned counsel’s effectiveness in both his rule 3.170 motion and his rule 3.850 motion. Unlike the defendant in Kessell, Baker did not raise the ineffectiveness of counsel in his rule 3.170 motion; he raised only the State’s failure to abide by the terms of the plea agreement. Baker challenges the effectiveness of counsel for the first time in his rule 3.850 motion. Also, in Kessell, the attorney that filed the rule 3.850 motion also filed the rule 3.170 motion and direct appeal. Here, however, Baker relied on a different attorney to file his rule 3.850 motion after recognizing trial counsel’s ineffectiveness at the plea negotiation stage and at the rule 3.170 motion hearing. The attorney that represented Baker at the plea hearing and in his rule 3.170 motion did not argue at the rule 3.170 motion hearing that he was ineffective or misad-vised Baker.
In Florida, a judge is required to inform a defendant of only the direct consequences of his or her plea, not the collateral consequences. Bolware v. State, 995 So.2d 268, 272 (Fla.2008). Revocation of a driver’s license is considered a collateral *1084 consequence of a plea. Id. at 275. However, “[a]ffirmative misadvice about even a collateral consequence of. a plea constitutes ineffective assistance of counsel and provides a basis on which to withdraw the plea.” Roberti v. State, 782 So.2d 919, 920 (Fla. 2d DCA 2001). Thus, Baker’s ineffective assistance of counsel claim is not proeedurally barred.
Alternatively, the State takes the position that if this Court determines the documents attached are not sufficient to support the summary denial of Baker’s claim, then the matter should be remanded for attachments or an evidentiary hearing. We agree and remand to allow the trial court to address the claim by either attaching records conclusively refuting the claim or holding an evidentiary hearing.
REVERSED and REMANDED for further proceedings.
SAWAYA and BERGER, JJ., concur.