DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOSE MACIAS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-3509

[May 4, 2016]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Robert R. Makemson, Judge; L.T. Case No. 562013CF000310A.

Carey Haughwout, Public Defender, and Jeffrey L. Anderson, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Luke R. Napodano, Assistant Attorney General, West Palm Beach, for appellee.

DAMOORGIAN, J.

A jury found Appellant, Jose Macias, guilty of one count of lewd or lascivious battery, one count of lewd or lascivious molestation, one count of kidnapping, and one count of a burglary of a dwelling with an assault or battery. The court adjudicated Appellant guilty and sentenced him on all counts except for the lewd or lascivious molestation count which it "held in abeyance." On appeal, Appellant takes issue with several of the court's evidentiary rulings at trial. He also argues that the court's decision to hold his lewd or lascivious molestation conviction in abeyance constitutes a violation of double jeopardy.

We find no error in any of the court's underlying evidentiary rulings and thus affirm Appellant's convictions and sentences for lewd or lascivious battery, kidnapping, and burglary of a dwelling with an assault or battery without further comment. However, we agree with Appellant that the court's decision to hold the lewd or lascivious molestation count in abeyance violated double jeopardy as Appellant could not be convicted of both lewd or lascivious battery and lewd or

lascivious molestation arising out of the same conduct. *Graves v. State*, 95 So. 3d 1033, 1036 (Fla. 5th DCA 2012). The State properly concedes error on this issue. Accordingly, we reverse and remand with instructions that the trial court vacate the verdict of guilt as to lewd or lascivious molestation count. *See Burford v. State*, 8 So. 3d 478, 480–81 (Fla. 4th DCA 2009) (remanding for vacation of conviction for offense which was held "in abeyance" because the conviction violated double jeopardy).

*Affirmed in part, reversed in part, and remanded.*

GROSS and KLINGENSMITH, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***